Caruthers, J.,
delivered the opinion of the Court.
In January, 1856, Jones bought of Miller and Counee a lot in Lawrenceburg, at the price of $600. The contract was not reduced to writing, and therefore not binding on either, and was afterwards abandoned or repudiated by one, or both parties. Before this was done, however, Jones sold and de *526 livered to the vendors a wagon, at the agreed price of $70, in part payment for the lot. This was the next month after the sale. In March, 1857, after the repudiation of the contract for the lot, and the recovery of rent against Jones for the use of the brick shop on the lot, he brought this action of assumpsit for the price agreed upon for the wagon — $70.
The Court was requested to charge the jury that upon the repudiation of the sale of the lot, the title to the wagon re-vested in Jones, and he could only sue for a conversion of it, and that only after demand and refusal to deliver, and not upon the contract of sale for the value, or price agreed upon. This was refused; hut the Court charged, in substance—
That the parol contract for the sale of the house and lot was void, and that either party had a right to treat it as a nullity; but that the contract for the sale of the wagon, though an incident of the void contract, and a part of the consideration, was not of itself void, so as to prevent the title . from passing to the defendants; that upon the repudiation of the contract by Jones, the defendants might have rescinded the contract for the sale of the wagon, by tendering it back to Jones in as good condition as when it was delivered to them; and in that case, no action could have been maintained for the price; and that a failure to make such tender would raise a presumption that the parties had elected to affirm the contract for the wagon, and the plaintiff would have a right to recover the price agreed upon.
We think this was a correct exposition of the law, and upon the proof, the recovery by the plaintiff was right.
Let the judgment be affirmed.