JACOB SIMS ET AL. V. JOHN C. DAVIS ET AL.

FILED JUNE 2, 1896. No. 6616.

1. **Practice: DISMISSAL.** In an action wherein the defendant has not appeared, a dismissal filed by plaintiff, as provided by statute, ends the case, and litigation therein cannot be continued.

2. **Final Orders: REVIEW.** A final judgment is necessary to entitle any party to review the ruling of the district court upon a mere interlocutory motion.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.

*Switzler & McIntosh* and *Sims & Bainbridge*, for plaintiffs in error.

*C. H. Balliet*, contra.

RYAN, C.

On the 30th of March, 1893, Alice Davis, by her attorneys, Switzler & McIntosh and Sims & Bainbridge, filed in the office of the district court of Douglas county her petition praying a divorce from her husband, John C. Davis, an allowance of alimony, and the custody of the two minor children of the parties litigant. On May 26, 1893, the default of the defendant was entered of record. On August 19, 1893, Jacob Sims and Switzler & McIntosh filed an application for the allowance of a balance due them as attorneys' fees and requiring the defendant to pay the same. On the 24th day of August, 1893, plaintiff filed a dismissal of this action, and such dismissal was entered of record by the clerk. The application for allowance of attorneys' fees and dismissal was filed during vacation. The attorneys caused to be served on Alice Davis and John C. Davis, September 8, 1893, a notice of their motion to set aside the order of dismissal entered in vacation. On September 28, 1893, the motion of the aforesaid attorneys for the vacation of the order of dismissal and the allowance of attorneys' fees was overruled. By a petition in error, in which the attorneys appear as plaintiffs and Alice and John C. Davis as defendants, it is sought to reverse the aforesaid ruling upon said motion.

If the dismissal operated to end the action, this case falls within the rule announced in *Lavender v. Atkins*, 20 Neb., 206, wherein, as to the rights of counsel to be heard after a dismissal, it is said: "What the rights of counsel may be in the case, it is not necessary to discuss. It is only necessary to say that Lavender and defendants having settled their dispute, the case is at an end, and the litigation in that suit cannot be continued." If, on the other hand, as seems to be contended by plaintiffs in error, their pending motion was merely interlocutory and for some purposes continued the action in existence, notwithstanding the filing of a dismissal, the result is

50

equally fatal to this proceeding, as will be shown by quotations from the transcript. Following the recitation of submission the record is in the following language: "On consideration whereof the court, being fully advised in the premises, overruled the said motion, to which ruling of the court the said Switzler & McIntosh and Jacob Sims duly except." This was all, and if the case was still pending when the above motion was presented, a final judgment was essential to give any party a standing in this court. In any event, the petition in error must be, and accordingly is,

DISMISSED.