(February 15, 1899.)

## STOVER v. STOVER.

[56 Pac. 263.]

Divorce—Pleadings—Decree.—Where, in an action for divorce, the cross-complaint of defendant fails to set up a ground of divorce a decree in favor of defendant upon such cross-complaint will be set aside.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

Hawley & Puckett, for Appellant.

A judgment herein could not be entered in respondent's favor upon the pleadings. There is no cross-complaint herein. The fact that a certain portion of the answer is entitled a cross-complaint, and affirmative relief is·asked, does not make it a cross-complaint, even if no objections are made to it.

(*Doyle v. Franklin,* 40 Cal. 110; *Shain v. Belvin,* 79 Cal. 262, 21 Pac. 747; *Brannan v. Paty,* 58 Cal. 330; *Mills v. Fletcher,* 100 Cal. 142, 34 Pac. 637.) The decree should be set aside, because no findings of fact and conclusions of law were made by the court. Without findings of fact and statement of conclusions of law, there is no basis to support the judgment where a case is tried by a judge, without a jury, and the record must disclose them. (*Hoagland v. Clay,* 2 Cal. 474.) It is error to enter judgment without findings where they are not specially waived. (*Bennett v. Pardini,* 63 Cal. 154; *Mace v. O'Reilley,* 70 Cal. 231, 11 Pac. 721.) Actions for divorce are chancery proceedings. Special verdicts or findings are simply advisory, and may be adopted or disregarded as the court may deem proper. (*Beck v. Beck,* 6 Mont. 318, 12 Pac. 694; *Black v. Black,* 5 Mont. 15, 2 Pac. 317; *Gilpin v. Gilpin,* 12 Colo. 504, 21 Pac. 612.) Will the findings support the judgment? We urge they will not. The findings of fact must support the judgment rendered, and should be the ultimate facts in issue. (8 Ency. of Pl. & Pr. 943, 944, and notes.) A finding that "all the material facts of the complaint are true" will not support a judgment for the plaintiff. (*Ladd v. Tully,* 51 Cal. 277; *Hardenburg v. Hardenburg,* 54 Cal. 591.) The charge of adultery must be stated with reasonable certainty as to time and place. (*Conant v. Conant,* 10 Cal. 249, 70 Am. Dec. 717.)

Bruner & Bruner, for Respondent.

No brief filed.

HUSTON, C. J.—Plaintiff brought action for divorce alleging as grounds therefor the cruel and inhuman treatment of her by defendant; also alleging adultery of defendant. Defendant answered, denying specifically all the allegations of the complaint, and alleging, by way of cross-complaint, the adultery of plaintiff. The case was tried by the court with a jury. The jury returned a special verdict, all the findings of which are in favor of the defendant and against the plaintiff. All that the record presents to this court is the com-

plaint, answer, findings of the jury; and the decree dissolving the bonds of matrimony between the plaintiff and defendant; and awarding to the defendant the custody of three of the minor children; and to the plaintiff the custody of one minor child, all the issue of the marriage between plaintiff and defendant. The respondent (defendant below) makes no appearance and files no brief in this court. The decree states that "all the material allegations of the answer and cross-complaint are sustained by the testimony," etc. It is stated by counsel that "the charges of adultery on both sides were dropped from the case," and nothing was submitted to the jury in relation to said charges, nor does the record contain any evidence thereon. The decree was rendered upon the cross-complaint of the defendant. Said cross-complaint consists solely of allegations of the capacity of defendant to care for and maintain the children, issue of said marriage of plaintiff and defendant, and the incapacity of plaintiff to do so. The only ground for divorce stated in the cross-complaint is the charge of adultery, which it is conceded was dropped from the case. The charge of adultery in the cross-complaint is too vague and indefinite. It states neither the time when, the place where, nor the person with whom said offense was committed; nor could proof have been admitted under it, if objection had been made; but, as before stated, no proof seems to have been offered thereon. It is apparent, therefore, that there is not sufficient in the cross-complaint to support the decree. Nor is the matter helped out by the findings of the jury. Said findings simply negative the allegations of the complaint. The only affirmative finding is to the effect that the defendant has at all times used reasonable care and diligence for the comfort and welfare of the plaintiff and the children of their marriage. The judgment and decree of the district court are reversed, with costs to appellant.

Quarles and Sullivan, JJ., concur.