(June 2, 1900.)

## STOVER v. STOVER.

[61 Pac. 462.]

ACTION FOR DIVORCE—DISMISSAL—MOTION—ERROR.—It is error for the district court to refuse to enter an order dismissing an action brought by a wife for divorce, when the plaintiff applies there-for, and there is no affirmative relief sought by the defendant, by way of "cross-complaint or counterclaim. It is the policy of the law to discourage divorces; hence, where the plain-tiff in a divorce suit asks to dismiss and no counter cause of ac-tion is set up in a cross-complaint or counterclaim, the refusal of

the court to make the order dismissing the action is reversible error.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

Silas W. Moody and Hawley, Puckett and Hawley, for Appellant.

Leave, apparently *ex parte,* had been given respondent to file an amended answer and cross-complaint, but he had not filed either; there being nothing before the court at that time save the complaint, appellant was entitled to dismiss her action. (Rev. Stats., sec. 4354.)

No appearance for Respondent.

QUARLES, J.—This is the second time that this cause has been before this court on appeal. Upon a decision of the first appeal (see *Stover v. Stover,* 6 Idaho, 493, 56 Pac. 263). we held that the cross-complaint of the respondent did not state a cause of action, and that the respondent was not entitled thereunder to the affirmative relief granted him by the judgment, and reversed the judgment. Upon the return of this cause to the lower court the plaintiff moved to dismiss her action, but her motion was denied, and the lower court refused to permit the plaintiff to dismiss her action. Two days thereafter the respondent (defendant below) was permitted to and did file an amended answer and cross-complaint, and answer was filed to said amended cross-complaint, and the court called a jury, which was impaneled to try the issues, which were found in favor of the respondent; whereupon judgment was entered in his favor, from which this appeal is prosecuted.

A number of errors are specified by appellant, but we deem it necessary to consider only one of them, viz., the refusal of the trial court to enter judgment dismissing the action. There being no cross-complaint nor counterclaim stating a cause of action and seeking affirmative relief in the case, the plaintiff had the right, under section 5354 of the Revised Statutes, as matter of course, to dismiss her action. If there were any costs that had not been paid, the court might have required their pay-

ment forthwith as a condition precedent, but no such showing is made. As we held in *Boyd v. Steele,* 6 Idaho, 625, 59 Pac. 21, neither the court nor clerk can prevent such dismissal.

The action of the trial court in denying said motion appears to be arbitrary and no reason appears in the record as to why the motion to dismiss was denied. The plaintiff being the wife who is seeking a divorce, we will not presume that there were costs unpaid, which would, apparently, deny her a plain, unequivocal right given by statute.

But the most important consideration that induces us to conclude that said motion should have been under the conditions of the pleadings, sustained, is the well-settled rule that it is the policy of the law to discourage divorce suits, and not to encourage them. This rule was violated by the lower court in this cause. Plaintiff wanted to quit the litigation. She asked to dismiss her action. The court denied her the right to do so. Two days afterward an amended cross-complaint was filed by the defendant, and upon which he was afterward granted a judgment of divorce. It might have been proper, as above suggested, for the court to have required the plaintiff to first pay any costs that might have then been unpaid; but the record does not show that there were any such costs, and no reason whatever is shown for the court's action. Judgment reversed, and the cause remanded to the district court, with instructions to enter an order dismissing the action as of the date said motion to dismiss was made, to wit, June 20, 1899. Costs awarded to appellant.

Huston, C. J., and Sullivan, J., concur.