SAMUEL MOORE V. WILLIAM A. WADDINGTON.

FILED JULY 3, 1903.   No. 12,993.

1. Election Contest: DISMISSAL. The contestant in a proceeding to contest an election may voluntarily dismiss the proceedings at any time before issue is joined.

2. ——: ——. INTERVENTION. When such dismissal has been entered, the court, until it is set aside, is without jurisdiction to

allow another party to intervene and be substituted as contestant. Whether such dismissal can be set aside, *quære.*

3. **Setting Dismissal Aside:** NOTICE. In such case, the trial court has no authority to set aside the dismissal without notice to the contestant.

4. **Review:** PARTIES. After a motion to set aside such a dismissal, and an application for leave to intervene was made by the plaintiff in error, the incumbent challenged the jurisdiction of the court to set aside the dismissal, or to allow the intervention. *Held,* That an order sustaining such challenge in the case before us is not shown to be prejudicially erroneous. *Held,* further, That contestant is a necesary party to proceedings in error to review such order.

ERROR to the district court for Gage county: CHARLES B. LETTON, DISTRICT JUDGE. *Affirmed.*

*Leonard W. Colby* and *A. H. Kidd,* for plaintiff in error.

*Ernest O. Kretsinger, Alfred Hazlett* and *Fulton Jack,* contra.

GLANVILLE, C.

This case is before us upon a petition in error from the district court for Gage county, containing the following assignment of error, only: "The court erred in affirming the order, judgment and proceedings of the county court, and in dismissing said action."

The case was in the district court upon a petition in error from the county court of Gage county, and the judgment of the district court complained of is as follows:

"Now on this 15th day of May, 1902, it being the thirty-ninth day of the February, 1902, term of the district court for Gage county, Nebraska, this cause came on to be heard upon the petition in error and the transcript of the proceedings, final judgment and order of the county court of Gage county, Nebraska, on file, and was submitted to the court, on consideration whereof the court finds no

error in said order, judgment and proceedings. Plaintiff in error excepts.

"It is therefore considered by the court that said order, judgment and proceedings be and the same are hereby affirmed, and that the defendant William A. Waddington go hence without day and recover his costs against the plaintiff herein expended, taxed at $——, and it is further ordered that execution be awarded in this court to carry into effect this judgment. Plaintiff in error excepts."

The only assignment of error in the petition, filed in the district court, is as follows: "The court erred in sustaining the objections of the defendant to the jurisdiction of the court." The statement in that petition as to the judgment or order sought to be reversed is as follows:

"The plaintiff in error complains of the defendant in error for that on the 11th day of January, 1902, the defendant herein as incumbent and contestee obtained a ruling and order of the county court of Gage county, Nebraska, in an action pending in said court wherein the plaintiff herein was plaintiff and the defendant herein was defendant, in which the said court sustained the objections of the contestee and defendant to the jurisdiction of said court, whereby a judgment was prevented."

The order of the county court complained of, shown by the record, is as follows:

"January 11th, 1902, at 9 o'clock A. M., the court being duly advised in the premises, sustains the objections to the jurisdiction of the court filed herein by the defendant and contestee; to which ruling the said Samuel Moore, by his attorneys, duly excepts.

"F. E. BOURNE, *County Judge.*"

It appears from the record that an action had been commenced in the county court of Gage county, by one Winfield S. Tilton, against the defendant in error, contesting his election to the office of sheriff of Gage county; and by the law governing such cases the action would have stood for trial on January 6, 1902, the first day of

the January term of that court. No record was brought to the district court, except a certified copy of the contents of the docket of the county court in which we find the following entry:

"January 4, 1902. Dismissal filed herein, a copy of which is as follows, to wit:.

"In the County Court of Gage County, Nebraska.

"Before F. E. Bourne, County Judge.

"Winfield S. Tilton, Contestant and Complainant, v. William A. Waddington, Incumbent. } Dismissed.

"Comes now the above named contestant and hereby dismisses the above action.

"Dated this 4th day of January, 1902.

WINFIELD S. TILTON, *Contestant.*"

It further appears that on that day he paid the entire costs.

The next entry upon the docket is:

"January 6, 1902. It is therefore ordered by the court that said cause be dismissed at contestant's costs, taxed herein at $6. F. E. BOURNE, *County Judge.*"

It is urged by the plaintiff in error that this entry was made prior to nine o'clock A. M., of the day of its date, and that the same is shown by affidavits. There was no bill of exceptions taken and the affidavits can not be considered.

The next entry is "January 6, 1902, at 8:20 o'clock, A. M., objections to dismissal and motion to substitute party contestant filed herein, a copy of which is as follows:" Then follows a paper entitled in the original cause, made on the part of plaintiff in error, copied in full into the docket. If we may consider this paper as a part of the record, it is sufficient to say, it is an application to intervene, and to be substituted for the contestant, showing

that the applicant is such party as by law may contest the election in question, with an offer of the bond required by statute.

The next entry upon the docket is as follows: "January 6, 1902, motion of Samuel Moore to set aside dismissal, supported by affidavit of A. H. Kidd, filed herein as follows:" The motion, omitting formal parts, is as follows: "Comes now Samuel Moore and says that he is a resident and an elector of Gage county, Nebraska, and has been for two years last past, and voted in said county at the general election held in November, 1901, and said Samuel Moore moves the court to vacate and set aside the order dismissing the above cause which was entered on the docket January 6, 1902, for the reason that said order was made by said court, and entered by said court, upon said docket about 8 o'clock, A. M., on January 6, 1902, before the opening of the January, 1902, term of the county court, at which said cause was to be heard, and before the opening of court on said day as shown by the affidavit of A. H. Kidd, hereto attached marked 'A' and made a part of this motion."

The next entry is "January 10, 1902. Notice with indorsements of service thereon filed herein, a copy of which is as follows:" Then follows a notice addressed to Winfield S. Tilton, and William A. Waddington, with indorsement of service, signed "J. W. Ashenfelter, Chief of Police."

The next entry is "January 10, 1902. Special appearance to jurisdiction of the court filed herein, a copy of which is as follows:" Then follows upon the docket what purports to be a copy of a paper filed on the part of William A. Waddington, and which, omitting signatures and formal parts, is as follows:

"Now comes William A. Waddington, defendant and contestee, and makes his special appearance herein for the sole purpose of objecting to the jurisdiction of this court to proceed further in the cause for the following reasons, to wit:

"1. Said cause was dismissed by the said Winfield S. Tilton on Jan. 4, 1902, by written dismissal and all the costs paid by him.

"2. Said cause was dismissed by the court on Jan. 6, 1902, before any papers had been filed by the said Samuel Moore or any other objector.

"3. This court has no jurisdiction to proceed further in this cause.

"4. This court has no jurisdiction to permit the said Samuel Moore to intervene in this cause.

"5. The dismissal of this cause by the plaintiff, Winfield S. Tilton, terminated said action in this court.

"6. The said Samuel Moore has no legal right to be substituted instead of said Tilton in this cause, and the court has no jurisdiction to make said substitution."

The next entry is:

"January 10, 1902, at 9 o'clock, A. M., this cause came on for hearing before the court upon the objections to dismissal, and motion of Samuel Moore to be substituted as party contestant, with the bond tendered, and the affidavits of A. H. Kidd and L. W. Colby attached thereto, and upon the motion of Samuel Moore to set aside the dismissal entered in this cause, with the affidavit of A. H. Kidd attached to said motion, and William A. Waddington defendant and contestee, by his attorneys, having filed a special appearance herein, objecting to the jurisdiction of the court to proceed further in this cause; and the court after hearing the arguments of counsel takes said matter under advisement until January 11, 1902, at 9 o'clock, A. M."

Then follows the entry of January 11, copied above as the judgment complained of.

Two questions are presented and argued by counsel. (1) Does the record before the district court show such an order of the county court as can be reviewed upon error? (2) Did the record, brought to the district court, show error of the county court in entering the order complained of? If either of these questions is answered in the nega-

tive, the judgment of the district court must be affirmed. We think at least one or the other of them must be so answered. Section 86, chapter 26, on elections, in regard to such proceedings as this, provides:

"The proceedings shall be assimilated to those in an action, so far as practicable."

In *Burke v. Perry*, 26 Neb. 414, it is said (p. 420):

"A contest of an election must be what its name implies —an adversary proceeding by which the matters in controversy may be settled upon issues joined."

And in *Spurgin v. Thomson*, 37 Neb. 39, the parties are held to the same rules of pleading as in ordinary actions. We think this proceeding is so far assimilated to an action that under section 50*a* of our code, and the rule announced in *State v. Matley*, 17 Neb. 564, the plaintiff in error had a right to intervene therein if his application was made while the cause was pending in the court, and on proper and sufficient showing. We also think it is so far assimilated to an action as to give the contestant a right, either under section 430*a*, or section 999 of our code, to dismiss his action absolutely at the time he did.

In *Harris v. Cronk*, 17 Neb. 475, it is held:

"An action in the district court, wherein no counterclaim or set-off has been filed, having been dismissed in vacation by the party plaintiff and all costs paid, according to the provisions of section 430*a* of the code, it is incompetent for the court at the next, or any subsequent term, to permit an intervention in said cause."

In *Sims v. Davis*, 48 Neb. 720, it is held:

"In an action wherein the defendant has not appeared, a dismissal filed by plaintiff, as provided by statute, ends the case, and litigation therein can not be continued."

In that case, parties seeking to intervene, moved the court, on notice, to set aside a dismissal filed and entered in vacation. The order overruling the motion was held, not erroneous.

In *Banks v. Uhl*, 6 Neb. 145, it is held, in effect, that under the provision of section 999 of the code, a plaintiff in

county court had the absolute right to dismiss his action. We think there was no action pending in the county court in which it could authorize the plaintiff in error to intervene.

If, however, we should hold that the dismissal was not absolute, and that the matter was still pending, and under the control of the court, then, so far as the record shows, it is still pending, and the application of plaintiff in error has not been denied, nor his motion to set aside the dismissal overruled, and no final order is shown in the record. If, as plaintiff in error contends, the court still had control of the cause, and the order complained of prevented a ruling upon his motion to set aside the dismissal, even then it is not a final order. An order directly overruling such a motion is held in *Sims v. Davis, supra,* not to be a final order, if the court then had jurisdiction of the cause.

Moreover, the order complained of must appear to be prejudicial to the plaintiff in error to justify a reversal thereof upon his application. Unless he had a right to an order setting aside the dismissal and allowing him to intervene, he is not prejudiced. Both his motion to set aside the dismissal, and his application to be allowed to intervene, were made on showing by affidavits, and they are not preserved by a bill of exceptions. The most that could be conceded for the power of the county court is that it may have had a discretionary power to set aside the dismissal at the time application of plaintiff in error was made, but the evidence produced to influence or control that discretion must be in the record, and be sufficient to show that it would not have been an abuse of discretion to grant him the relief asked, before prejudicial error can appear.

Again, we think if the order complained of is final, because it prevents a judgment in the action as is contended by plaintiff in error, then, before it can be reversed in error proceedings in a higher court, the contestant, Tilton, whose dismissal is sought to be set aside, must be made a party to the error proceeding, and this has not been done. Tilton was the plaintiff in the action and had furnished

the bond required by statute; he had dismissed the action and we think the dismissal could not be set aside without notice to him, and the record does not disclose such notice.

We think the judgment of the district court is right, and recommend that it be affirmed.

BARNES, C., concurs.

ALBERT, C.

I concur in the conclusion because the contestant is a necessary party to the proceedings in this court and has not been made a party.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.