[No. 6882.   Decided March 27, 1908.]

ANTHONY J. McMILLAN, *Plaintiff and Appellant*, v. NORTH-
PORT SMELTING AND REFINING COMPANY, *Defendant
and Appellant.*[1]

ATTORNEY AND CLIENT—COMPENSATION—REASONABLENESS.   Three
thousand five hundred dollars is an unreasonable allowance for at-
torney's fees for services rendered in securing a restraining order
preventing the dismanteling of a smelter and the removal of ma-
chinery, the property being worth $250,000, where it appears that
the application therefor was not contested and the order was con-
tinued in force from time to time without resistance, the complaint
embracing only six pages of typewritten matter (ROOT, FULLERTON,
and CROW, JJ., dissenting).

Cross-appeals from a judgment of the superior court for
Stevens county, Kennan, J., entered January 12, 1907, award-
ing to plaintiff the sum of $3,500 as an attorney's fee, after
a trial before the court without a jury.   Reversed.

*Nuzum & Nuzum*, for plaintiff.

*Voorhees & Voorhees* and *Charles Francis Voorhees*, for de-
fendant.

MOUNT, J.—The only question in this case is the reason-
ableness of an attorney's fee.   The facts are as follows:   On
October 24, 1905, the plaintiff brought an action in the
superior court of Stevens county against the Northport Smelt-
ing & Refining Company, A. I. Goodell, and John H.
Mackenzie, to restrain the defendants from dismantling the
Northport smelter and from removing certain machinery
therefrom.   On the same day, the complaint and affidavit
were presented *ex parte* to the judge of the court and a tem-
porary emergency restraining order was issued, the plaintiff
furnishing a bond in the sum of $1,000.   November 6, 1905,

[1]Reported in 94 Pac. 761.

was fixed for the hearing on the application for a restraining order. The order was regularly served. No appearance was made by the defendants to the complaint or to resist the restraining order, and the same was continued in force from time to time by order of the court, without resistance. Afterwards, on September 26, 1906, the plaintiff filed his supplemental complaint, alleging that there was no longer any necessity for the restraining order, and praying to have the action dismissed and for an allowance for attorney's fees against the property of the Northport Smelting & Refining Company. The defendant appeared at the hearing on this supplemental complaint and resisted only the amount of the claim for attorney's fees. At this hearing the court found that the restraining order saved to the smelting company the property of the company valued at $250,000 to $275,000; that $165.85 had been expended in that behalf by the plaintiff, and that $3,500 was a reasonable fee to be paid to the plaintiff's attorneys. Both parties have appealed.

The defendant alleges that the allowance of $3,500 is excessive, and plaintiff claims that $10,000 is a proper fee. The record shows the parties stipulated, at the hearing on the reasonableness of the fee, that certain attorneys would testify that a reasonable fee for plaintiff's attorneys under all the circumstances surrounding the case would be a sum not less than $7,500 nor more than $10,000, and that certain other attorneys under the same circumstances would place such fee at from $500 to $1,000. The case was not a complicated one. The complaint embraced only six pages of typewritten matter, and there appears nothing out of the ordinary either in the law or the facts. It is true a large amount of property was involved, but there was no resistance to the restraining order or to the complaint. The plaintiff's attorneys gave very little time to the case. Taking all these circumstances into consideration, we think that $1,000 is a liberal allowance for the plaintiff's attorney's fees.

The judgment is therefore reversed, and the cause re-

manded with directions to the lower court to reduce the attorney's fees to $1,000.

HADLEY, C. J., RUDKIN, and DUNBAR, JJ., concur.

ROOT, J. (dissenting)—In view of the large amount involved and the responsibility necessarily assumed by the attorneys, I think $1,000 an inadequate allowance. I therefore dissent.

FULLERTON and CROW, JJ., concur with ROOT, J.