[No. 10797. Department One. March 28, 1913.]

HARRY A. JONES, *Plaintiff*, v. CLARA B. JONES, *Respondent*, GEORGE OLSON *et al.*, *Appellants.*[1]

STIPULATIONS—CONSTRUCTION—SUBMITTING MATTER TO COURT—ARBITRATION—APPEAL. A stipulation between a defendant and his attorneys, in a divorce case, made with a view of substituting other counsel, providing that the amount of their compensation shall be fixed by the judge of the trial court, submits the matter to the judge as a court and not as an arbitrator, whose decision is therefore appealable.

APPEAL—RIGHT TO APPEAL—PARTIES—ATTORNEY AND CLIENT—COMPENSATION. An order of the superior court fixing attorney's fees, pursuant to a stipulation between attorney and client that the court should fix the compensation, is appealable by the attorneys, under Rem. & Bal. Code, § 1716, subds. 1 and 6, allowing appeals by any party aggrieved by the decision.

ATTORNEY AND CLIENT—EMPLOYMENT OF ASSOCIATE—AUTHORITY—RATIFICATION. A client ratifies the employment by her attorney of associate counsel, where she knew he was actively engaged in the case, and stipulated that the court might fix his compensation.

DIVORCE—ATTORNEY'S FEES—ADEQUACY OF ALLOWANCE—EVIDENCE—SUFFICIENCY. Where a defendant in a divorce case represented to attorneys that she had been overreached in a settlement, receiving only $125,000 from the plaintiff, who was worth over $1,000,000, and the attorneys examined many papers, and filed an answer, cross-complaint, and a number of motions and affidavits and appeared in court three times, procuring an order for $500 suit money, which was paid over to them, an allowance of but $350 as attorney's fees, on sub-

[1]Reported in 130 Pac. 1125.

stituting other counsel, is inadequate, and on evidence estimating the
value from $100 to $4,000, should be fixed at $1,000, in view of the
value of the property and the services rendered (CHADWICK, J., dis-
senting).

Appeal from an order of the superior court for King
county, Mackintosh, J., entered August 8, 1912, allowing
attorney's fees, in an action for divorce. Reversed.

*George Olson* and *Milo A. Root*, for appellants.

*Donworth & Todd*, for respondent.

Gose, J.—This is an appeal from an order of the supe-
rior court of King county, fixing the amount of the attor-
ney's fees of the appellants, George Olson and Milo A. Root,
for services rendered to the respondent Clara B. Jones in a
divorce action between her husband and herself. The order
was entered in the main action in pursuance of a stipulation
filed therein. The stipulation, omitting title, is as follows:

"It is hereby stipulated and agreed, by and between the
above named defendant, Clara B. Jones, and her attorneys,
George Olson and Milo A. Root, that the amount of com-
pensation due said attorneys to this date may be fixed by the
judge of the above entitled court. Whereupon said attor-
neys are to turn over to said defendant any papers that they
may have in their possession, and withdraw their appearance
as attorneys for said defendant in the cause.

"Clara B. Jones, Defendant.
"George Olson,
"Milo A. Root,
        "Attorneys for Defendant"

The attorneys, Olson and Root, have appealed.

The respondent has renewed her motion to dismiss the
appeal, upon the grounds, (1) that the appellants were not
parties to the action and hence have no right of appeal; and
(2) that, under the stipulation, the judge of the superior
court acted only as an arbitrator, and that his decision is
final. The motion was heretofore submitted and denied
without an opinion.

The stipulation was made for the purpose of freeing certain papers which the respondent had placed in the hands of the appellants, in the progress of her suit, from the attorney's lien, and fixing their compensation in order that she might substitute other counsel, under the provisions of the code, Rem. & Bal., §§ 133 to 138.   It is quite clear from the stipulation that the question of compensation was submitted to the court as a court and not as an arbitrator.   The appellants' right to appeal from the order fixing their compensation is covered by the code.   Rem. & Bal. Code, § 1716, subds. 1 and 6; *Tatum v. Geist*, 40 Wash. 575, 82 Pac. 902; *Slater v. Stevens County Bank*, 12 Wash. 488, 41 Pac. 168; and *McMillan v. Northport S. & Ref. Co.*, 49 Wash. 76, 94 Pac. 761.   In the case first cited, an appeal was sustained from an order quashing the service of a writ of garnishment.   In the second case cited, it was held that an order fixing the amount of compensation of an assignee was appealable, irrespective of the disposition of the main case out of which it sprung.   In the case last cited, an appeal was entertained which involved only the amount of compensation that should be allowed counsel in a case where an emergency restraining order had been obtained, and a showing made that further prosecution of the suit upon the merits was unnecessary.   The principal action was still pending on the merits when this appeal was taken.   This distinguishes this case from *Hillman v. Hillman*, 42 Wash. 595, 85 Pac. 61, 114 Am. St. 135.   The motion is denied.

Upon its merits the contention is three-fold: (1) That Judge Root was not employed by the respondent; (2) that Olson had no authority to associate him in the case; and (3) that the compensation allowed by the court is adequate for the services rendered.   The first two contentions are without merit.   The record shows that the respondent knew that Judge Root was actively engaged in the case in her behalf. She therefore ratified his employment made by his associate, even if she had not theretofore directed it.

Passing to the third contention, it appears conclusively that the respondent and her solicitors at Vancouver, B. C., represented to the appellants that the plaintiff husband was worth above $1,000,000. The respondent represented to them that she had been overreached in a settlement between her husband and herself at Vancouver, British Columbia, wherein he had retained property worth $1,000,000 or more, while she had gotten about $125,000, and that she had good cause for divorce, and that he had no cause for divorce. Acting upon these representations, the appellants examined a great many papers submitted to them by the respondent, and had a number of lengthy conferences with her about the divorce and the property. They also prepared and filed an answer and cross-complaint, setting up the facts showing that the respondent had been defrauded in the property settlement, and setting forth her grounds for a divorce and the custody of the children, and prepared a number of motions and affidavits, and appeared in court at least three times. The purposes of the several motions and affidavits and the several appearances in court were, (a) to get an allowance for counsel fees, suit money, and alimony; (b) to get an order preserving the *status quo* of the property; and (c) to restrain the husband from harrassing the respondent pending the litigation. The court made an order in the principal case directing the husband to pay the respondent $500 as suit money, and denied the other applications. The husband paid this sum by a check drawn in favor of the respondent, which she endorsed to the appellant Olson. She has made no other payments to the appellants.

The court allowed the appellants $350 as counsel fees, ordered them to pay $150 (the balance represented by the check) to the respondent, substituted other counsel, and ordered the appellants to deliver to them all papers, files, and documents in their possession relating to the action. They raise the single question of the adequacy of the counsel fees

allowed by the court.   The attorneys who testified in the case differ widely as to the value of the appellants' services.   The attorneys who testified for the appellants put the value of the services at from $1,000 to $4,000; whilst the attorneys who testified for the respondent put the value at from $100 to $200.   This testimony was all based upon hypothetical questions.   Judge Battle, in answer to a question which fairly embraced the facts, stated that the services were worth approximately $1,000.   In view of the value of the property and the services required and rendered, we feel constrained to accept Judge Battle's estimate.

The case will be remanded with directions to the court to allow the appellants to retain the $500 heretofore paid them, and to enter a judgment in their favor against the respondent for $500 additional.   The appellants will recover their costs.

CROW, C. J., PARKER, and MOUNT, JJ., concur.

CHADWICK, J. (dissenting)—It was never the intention of Mrs. Jones to hire Judge Root.   He was employed, or rather associated by his coappellant Olson, and for his benefit.   The fact that he was working out the case for Olson should not bind Mrs. Jones to pay for his services.   For the services performed—considering also those unperformed —I think the compensation allowed by the lower court was ample.   I therefore dissent.