[No. 14738. Department One. August 14, 1918.]

DONWORTH & TODD, *Appellants*, v. BENTON COUNTY, *Respondent*.[1]

APPEAL—DECISIONS APPEALABLE—FINAL ORDER OF COURT. A judgment awarding attorney's fees, upon an order of the court in the matter of the approval of a claim allowed by county commissioners, after a hearing before the court on the merits, is appealable as a final order of the court.

ATTORNEY AND CLIENT—COMPENSATION — EVIDENCE — SUFFICIENCY. Under a contract for reasonable compensation, attorneys are entitled to a fee of $3,000 for successfully representing a county in a suit to set aside invalid bonds in the sum of $125,000, requiring the exercise of legal skill and ability of a high order, three attorneys having testified that $2,500 to $3,500 would be a reasonable charge.

Appeal from a judgment of the superior court for Benton county, Truax, J., entered November 28, 1917, disapproving, in part, a claim for attorney's fees, allowed by county commissioners, after a hearing on the merits before the court. Reversed.

*R. E. Campbell*, for appellants.

PARKER, J.—Donworth & Todd are duly admitted to practice law in the courts of this state, and are engaged in the practice of their profession in Seattle as copartners. They seek recovery from Benton county of a balance of $2,000, claimed to be due for legal services rendered by them to that county in pursuance of a contract with its board of county commissioners. A hearing upon the merits in the superior court for that county resulted in a judgment awarding them only $500; from which they have appealed to this court, claiming error in so far as they are denied recovery for the full amount of their claim of $2,000.

[1]Reported in 174 Pac. 441.

In January, 1917, appellants duly entered into a written contract with the county, acting by its board of commissioners, which, so far as we need here notice its terms, reads:

"The said county of Benton hereby employs the said firm of Donworth & Todd as special attorneys to appear for the said county of Benton and its board of county commissioners with C. W. Fristoe, prosecuting attorney of said Benton county, in the cases of H. A. Bier, Plaintiff, vs. James B. Clements et al, defendants, now on appeal from the judgment of the superior court of Benton county, Washington, to the supreme court of the state of Washington, and H. A. Bier vs. J. C. Syfford, auditor of Benton county, Washington, et al., now pending in the superior court of Benton county, Washington, and to advise with and counsel the said county of Benton and its board of county commissioners relative to said litigation, and all matters pertaining thereto, and agree to pay said attorneys for such services a retainer of five hundred dollars ($500) in each of said cases, and such reasonable compensation in addition thereto as may be fixed by the judge of the superior court of Benton county, Washington, during such litigation, or at the termination thereof; and in consideration of such employment said attorneys agree to appear in said actions for the county of Benton and its board of county commissioners, with the prosecuting attorney of said county, and to advise with and counsel said county and its board of county commissioners relative to all matters pertaining thereto."

This contract was duly approved by the judge of the superior court for that county as provided by Rem. Code, § 3908. Appellants received from the county the agreed retainers aggregating $1,000, and entered upon the services contemplated by the terms of the contract. After the completion of their services, which proved successful in protecting the county's interest in every respect as undertaken by them, they presented in due

form to respondent's board of county commissioners their claim of $2,000, as the balance due for their services. The board thereupon adopted a resolution, which, omitting recitals referring to the litigation and appellants' employment contract, reads as follows:

"Whereas, said litigation has been ended with success to the interests of Benton county, and said attorneys have performed all services to the satisfaction of the board of county commissioners, and have advised said board of county commissioners at all times relative to said litigation and all matters relative thereto, and

"Whereas, said attorneys have presented their bill to the county commissioners for additional compensation amounting to the sum of two thousand dollars ($2,000).

"Be It Resolved, that said bill of said attorneys be and the same is hereby approved and that upon the judge of the superior court of Benton county, Washington, having also approved said bill, the auditor of said county be and he is hereby directed to issue to said attorneys his warrant in the sum of two thousand dollars ($2,000) in payment for said compensation."

Thereafter, the question of the approval of appellants' claim came duly on for hearing in the superior court for Benton county, appellants and the county being both represented by counsel, and manifestly consenting that the matter be finally disposed of upon the merits by the court. We use the word "court" advisedly, for the disposition of the matter upon the merits was by a formal order of the court as such, and not merely by the judge as an agreed arbiter. We make this observation to show that the order is in effect a final judgment and appealable as such.

The services rendered by appellants under their contract had to do with litigation and affairs of the county highly important to its taxpayers; and, financially, of large magnitude. The object of the litigation was the setting aside of a proceeding of a former board

of county commissioners, which had been taken looking to the bonding of the county for $125,000, and the building of a courthouse at a cost of over $100,000, which had proceeded to the stage where the bonds were practically ready for issuance, and the contract for the construction of the courthouse had been let, both with apparent legality; but illegal, as was claimed, because tainted by at least legal fraud. Appellants' duties under their contract called for the exercise of legal skill and ability of a high order, and also for as much or even more industry than vigorously contested cases of that nature usually call for. The litigation was in both the superior court and this court. Appellants were not only successful in having the bond issue and courthouse contract set aside, but also effected a considerable saving to the county in connection with claims incidentally involved in the controversy. At the hearing in the superior court, besides the testimony of one of appellants that their claim was reasonable in amount, three disinterested practicing attorneys testified, after having been made fairly well acquainted with the nature and extent of the services rendered, one that $3,000 would not be an unreasonable charge; one that $2,500 to $3,000 would be a reasonable charge; and one that $3,500 would be a reasonable charge. This is all the testimony as to the reasonableness of the amount of appellants' claim. It seems to us, in view of this testimony and the fact that the board of county commissioners admitted the reasonableness of appellants' claim by their resolution allowing it in the sum of $2,000, that appellants are entitled to a judgment against the county in that sum. Our decision in *Jones v. Jones,* 72 Wash. 517, 130 Pac. 1125, lends support to this conclusion.

The judgment is reversed in so far as it is in effect

a denial to appellants of recovery of the full amount of their claim; and the cause is remanded to the superior court with directions to enter a judgment in favor of appellants and against the county for the sum of $2,000, in lieu of the one heretofore rendered.

MAIN, C. J., MITCHELL, and TOLMAN, JJ., concur.