[No. 26620. Department Two. October 14, 1937.]

Sadie Wiley Hutson et al., Appellants, v. John H. Hutson, Defendant, John H. Bruff, Respondent.[1]

H. A. LaBerge, for appellants.

I. J. Bounds and V. O. Nichoson, for respondent.

Robinson, J.—This case presents a very anomalous situation. Sadie Wiley Hutson brought suit against

[1]Reported in 72 P. (2d) 293.

John H. Hutson for divorce. He successfully cross-complained and secured an interlocutory order of divorce, together with judgment against the plaintiff in the sum of $1,200, "damages as and for his attorneys' fees in his defense in this action." The interlocutory order contained the following unusual provision:

"That plaintiff pay to Jno. H. Bruff, her attorney in this action $1500 fee and he is hereby given a lien on the plaintiff's Trust Fund with the Guaranty Trust Company, trustee thereof, in said sum of $1500; and the said Guaranty Trust Company (of Yakima, Washington) be and it is hereby authorized and directed to pay same to him."

The interlocutory order was entered on August 19, 1936. On August 21st, Guaranty Trust Company petitioned for leave to intervene, on the ground that the order affected it, although it had never appeared or been served with process. The petition was granted, and the intervener moved to strike from the interlocutory order the paragraph above quoted. On the next day, the defendant's attorney moved to strike the intervener's motion to strike and petition to intervene. The plaintiff, on August 28th, by a new attorney, H. A. LaBerge, moved for an extension of time to file a motion for a new trial, and on August 29th such a motion was filed. Then came the plaintiff, on September 2nd, "by and through her attorney John H. Bruff," reciting that, subsequent to the entry of judgment, it was discovered that the value of the plaintiff's trust estate was somewhere between five and six thousand dollars, whereas the court fixed her attorney's fees under the impression that it was of the value of twenty-five thousand dollars, and thereupon moved to have the fees reduced. On the same day, the defendant's attorneys filed a similar motion. Neither of these motions for modification was served on the Guaranty

Trust Company, nor, according to appellant's brief, was the plaintiff informed as to what her original attorney was doing in this respect.

On November 16th, the court granted the defendant's motion to strike the Guaranty Trust Company's motion to strike, set aside the order of intervention, denied plaintiff's motion for extension of time to file a motion for a new trial, and her motion for a new trial. On November 18th, the court entered an amended interlocutory order awarding the defendant "$500, damages as and for his attorney's fees in his defense in this action," and cutting Mr. Bruff's fees from $1,500 to $750.

The plaintiff and Guaranty Trust Company thereupon appealed from all of these rulings and from every part of the interlocutory order, except in so far as it granted a divorce to the defendant. Mr. Bruff first became a formal party in the case by making an appearance in this court as a respondent. It is stated in the briefs that, since the appeal was perfected, the defendant and the trust company have settled their differences, so the remaining controversy is between Sadie Wiley Hutson and the Guaranty Trust Company as appellants and John H. Bruff as respondent. We do not find it necessary to review the rulings on the motions.

In *State ex rel. Arthur v. Superior Court*, 58 Wash. 97, 107 Pac. 876, a superior court judge attempted to fix the fee to be paid by a plaintiff to her attorney in a divorce action, and the attorney applied to this court for a writ of prohibition. The writ was granted. The court pointed out that this was a matter of private contract between the attorney and his client, and, among other things, said:

"In so far, therefore, as the court below is attempting to enter a judgment in the divorce proceeding which will be final and conclusive as between the plaintiff in that action and her attorney, it is exceeding

its jurisdiction; and inasmuch as the relator is not a party to that action, and has no right of appeal, prohibition is the appropriate remedy. . . . It has no right or jurisdiction to make such an adjudication in the divorce action, and in so far as it is threatening or attempting to do so, the writ of prohibition will issue as prayed."

In *Hillman v. Hillman,* 42 Wash. 595, 85 Pac. 61, 114 Am. St. 135, another divorce suit, the court said, in part:

"The measure and mode of compensation of attorneys and counselors are, under our statute, a matter for private agreement between client and attorney (Bal. Code, § 5165) and controversies between them over such fees have no place in actions where the relation of attorney and client exists. Claims for attorney's fees, where adjusted by actions, must be in actions brought for their adjustment, as claims of all other kinds are adjusted."

This statement was approved and applied in *McRea v. Warehime,* 49 Wash. 194, 94 Pac. 924. See, also, 6 C. J., Attorney and Client, § 335, p. 754.

The wisdom of the rule laid down in the *Hillman* case, *supra,* is amply justified, and the evils that would ensue if a contrary rule obtained are splendidly illustrated, by what occurred in the case at bar. During the trial of the case, the respondent called a number of expert witnesses to prove the value of his services to the plaintiff in this action, and then asked for judgment against her in accordance with that evidence. He thus, in effect, prosecuted within this action another action, a kind of summary subsidiary action in which he was the plaintiff and his client the defendant, and in which, of course, she had no legal representation at all.

The immediate result was that, in the subsidiary action, he received a judgment against his own client

which was so violently excessive that he felt constrained, after she had procured another attorney and filed a motion for a new trial, to voluntarily move to have it reduced. This was done and the recovery cut in half, but he still has an order in force making his recovery a lien upon funds in the hands of a trust company which was not a party either to this suit or to his private subsidiary action.

This unusual situation seems to have come about in the following way: At the taking of a pre-trial deposition, Mr. Bruff asked his client:

"Q. As to Bruff's attorney's fee, you said you would give me $75 if the case was a default, and if I had to fight the case, you would pay me what the court adjudged reasonable. That is our understanding? A. Yes."

This seems to have been the reason for the introduction of the evidence above referred to. When the court took up the matter of the fixing of attorney's fees, the following occurred:

"THE COURT: As to the attorney's fees for the plaintiff, it seems to me that it is a matter of contractual relationship between the plaintiff and her attorney. MR. BRUFF: We leave it to the judgment of the court. (Mr. Bruff then asked his client if that was agreeable to her and she indicated that it was.)"

It is unnecessary to place our decision upon the ground that jurisdiction cannot be conferred upon a court by agreement of the parties, although this might well be done in view of the language of the court in *State ex rel. Arthur v. Superior Court, supra.* As we read the record, it seems to us that Mrs. Hutson, at most, agreed to nothing more than that she would accept the sum which the court might say was reasonable as the measure of her financial obligation to respondent for services rendered. This is a far cry from consenting or agreeing that the court might convert

that obligation into a summary judgment and make it a lien upon funds in the hands of her trustee.

As we said in *Hillman v. Hillman, supra,* controversies between attorney and client over fees have no place in actions where the relation of attorney and client exists. The amended interlocutory order appealed from will be modified by striking from it the following paragraph:

"That John H. Bruff, as attorney for plaintiff herein, is entitled to the sum of $750.00 for legal services rendered the plaintiff in this action, and that said charge is a lien upon the plaintiff's trust fund with the Guaranty Trust Company, trustee thereof."

STEINERT, C. J., MAIN, HOLCOMB, and BEALS, JJ., concur.