## SPRAYBERRY *vs.* MERK.

As to a suit for divorce, the wife is *sui juris*, and may charge the husband without his consent with the real value of all such services of other persons as may be necessary to her in the conduct of the suit.

Assumpsit, in Lumpkin Superior Court.　Tried before Judge RICE, at January Term, 1860.

This was an action of assumpsit brought by Henry J. Sprayberry, Esq., against George W. Merk, for services rendered as an attorney and solicitor for Ann W. Merk, the wife of the defendant, in instituting and conducting a libel for divorce on behalf of said Ann W. Merk against her husband, the defendant, and in filing a bill in equity for *ne exeat,* relating to the divorce cause.　The wife, at the time she employed plaintiff was living separate and apart from her husband, and the cases were dismissed before judgment, on account of the settlement of the difficulty between the parties, and the return of Mrs. Merk to her husband.　Plaintiff proved that his services were worth one hundred dollars, and that the causes were dismissed without want of skill, or failure, or neglect, on his part to prosecute them.

At the close of the testimony, the Court, on motion, ordered a non-suit, holding that, under the circumstances of the case, the action could not be maintained against her husband, to which decision plaintiff excepted.

MARTIN, by EZZARD, for plaintiff in error.

No counsel appeared for the defendant in error.

*By the Court.*—STEPHENS, J., delivering the opinion.

The non-suit was granted in this case upon the ground, that a man cannot be chargeable for the services of a lawyer in bringing a suit against himself without his consent.　This is, undoubtedly, true as a general principle, but we think that a suit by the wife for a divorce, must be excepted from its operation from the necessity of the case.　As to this one matter of a suit for a divorce, the wife is *sui juris*, having

clear right to institute and conduct that kind of a suit independently of her husband's consent. But this right is practically denied to her if she can command no means of paying the agents who are necessary to the conduct of the suit. Therefore, it is that, *quoad hoc*, she may charge the common funds of herself and husband in his hands. But as this power on her part, is founded on the necessity of the case, so its extent does not exceed the demands of the necessity ; and, therefore, she can charge the common funds (or her husband, which is the same thing in effect) only with the real value of such services as she may procure, and not with the price which she may fix ou them by her contract. Upon these views is founded the constant practice of the Courts in granting *alimony* to the wife during the pending of her suit for a divorce, and in embracing her counsel fees in the allowance. It is worthy of remark, that her counsel fees are allowed as a part of her necessary *maintenance*, and are allowed before it is ascertained whether she has valid ground for a divorce or not. They are allowed as the necessary means of testing that question, a question which every wife has a right to test whenever she pleases. *Pro hac vice*, she is, *sub modo*, a *feme sole.*

As to the settlement which took place in this case between the husband and wife, after she had got the services of her counsel, it is scarcely necessary to remark, that the counsel, after having acquired a right to compensation for his services by rendering them at the request of the wife, could not be *settled* out of that right by arrangement to which he was no party.

Judgment reversed.