EMMA PETERSEN, APPELLEE, v. SOREN T. PETERSEN, APPELLEE, AND J. A. C. KENNEDY, APPELLANT.

FILED APRIL 5, 1906. No. 14,168.

**Divorce: DISMISSAL: INTERVENTION.** When, in an action by a wife for a divorce, the parties become reconciled and resume marital relations before issue joined, it is not error for the court to dismiss the suit at the instance of the plaintiff, and such a dismissal carries with it a pending application for temporary alimony, which the plaintiff's attorney is not entitled to revive, by means of intervention, and prosecute for his own benefit.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*T. J. Mahoney* and *J. A. C. Kennedy,* for appellant.

*J. O. Detweiler, contra.*

Ames, C.

May 31, 1904, Emma Petersen begun an action in the district court for Douglas county against Soren T. Petersen with whom, she alleged in her petition, she had lived for more than ten years then last past as his wife, and by whom during that time she had been recognized as such publicly and in such manner as to establish a lawful marriage between him and herself, but alleging that he had been guilty of certain breaches of duty toward her in that relation on account of which she was entitled to a decree of divorce and alimony, for which she prayed. The petition also contained a prayer for temporary alimony to enable the plaintiff to maintain and carry on her action. On the next day the defendant was served with a copy of the petition together with a notice that the application for temporary alimony would be urged upon the attention of the court three days later, viz., on June 4. On the latter date the hearing of the application was, at the request of the defendant, postponed until June 10. On the 6th of June the parties met and effected a reconciliation, which was ratified on the same day by a formal celebration of their marriage in conformity with the statute. What their relations had been before that time does not appear, otherwise than by the allegations of the petition in response to which no pleading was ever filed, but on the 18th of the month the plaintiff filed in the court a formal written application to dismiss the action at her own costs, which motion the court on the same day denied, because of the pendency of a petition by J. A. C. Kennedy, attorney for the plaintiff, for leave to intervene and prosecute a claim against the husband for an allowance of a sum of money, as for alimony, to compensate him for his services in the beginning and prosecution of the suit. To this application the defendant filed a general demurrer, which was afterwards sustained, and the petition for an intervention was dismissed, as was also the action, at the renewed request of the plaintiff. The intervener Kennedy prosecutes error.

The proceeding by the plaintiff in error differs in no essential particular from a suit at law prosecuted by him against the husband to recover as upon a *quantum meruit* for services rendered to the wife in the divorce suit. No order for alimony has ever been made, and no fund has ever been paid into court or in any way raised or created upon which he can pretend to have acquired any lien. Whether such a fund ever would have been created even if the action had proceeded, rested wholly in the discretion of the trial court. Her application for temporary alimony created no right, and even if an allowance therefor had been granted, the money would have been awarded, not to her attorney, nor necessarily for attorney's fees alone, and the amount of the latter would have been the subject of a contract expressed or implied between her attorney and herself. The husband would have incurred no obligation to his wife's attorney, but in the discretion of the court might have been compelled to contribute to the relief of her necessities.

Intervener cites no authority in support of his claim, but several are cited in opposition thereto, among which are: *McCulloch v. Murphy,* 45 Ill. 256; *Thompson v. Thompson,* 3 Head (Tenn.), 527; *Carden v. Carden,* 37 S. W. (Tenn. Ch. App.) 1,022; *Anderson v. Steger,* 173 Ill. 112, 50 N. E. 665. The case of *Aspinwall v. Sabin,* 22 Neb. 73, cited by plaintiff in error, goes, we think, to the very extreme in this direction, but still falls short of reaching the end he seeks to attain. In that case an award of alimony specifically as fees to the plaintiff's attorneys had in fact been made apparently for services already rendered. That is to say, the court had adjudged the right of counsel to compensation and the amount of it against both the plaintiff and the defendant, and the subsequent reconciliation of the parties and their dismissal of the action did not have the effect to satisfy or annul that judgment. In *Waters v. Waters,* 49 Mo. 385, cited by plaintiff in error, the husband was plaintiff in a divorce suit which he had prosecuted so far as to compel his wife to obtain

the services of counsel for the preparation of her defense. He was, therefore, himself at least morally responsible for the creation of the obligation which he was called upon to discharge, and a claim for which was pending when he dismissed his suit. It is not unlikely that he was liable at law and independently of the divorce statute as for a necessity furnished to his wife at his instance, but, in any view, the case is so different from the one at bar as not to be in point. The same considerations apply to *Powell v. Lilly*, 68 S. W. (Ky.) 123, and other cases from the same state, also cited by plaintiff in error. In this case the wife was plaintiff, and, in the absence of proof, there is no presumption that the defendant, if he were her husband, had been guilty of such *quasi* criminal conduct as justified an application to the court for a dissolution of the marriage tie. Proof thereof, if any existed, did not rest in the breast of the plaintiff in error, and was not supplied by the unsupported allegations of the petition and application, but could have been elicited, if at all, only by such an investigation into the marital and domestic history of the plaintiff and defendant as, after reconciliation and the resumption of the marital relations, would have been plainly and offensively repugnant to public policy.

We are of opinion therefore that the court did not err in sustaining the demurrer and dismissing the intervention, and recommend that the judgment be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.