## PARKS *v.* PARKS.

This being an application for temporary alimony, and counsel fees, and the evidence as to the cause of the separation being conflicting, the discretion of the judge in refusing the application altogether will not be controlled.

Argued July 2,—Decided August 9, 1906.

Application for alimony, etc. Before Judge Lewis. Morgan superior court. April 26, 1906.

The parties are farm-tenant negroes, poor, industrious, and frugal. They were married in December, 1877, and have eight children, the wife being over fifty years old. In November, 1903, she became sick, and the husband employed a woman named Susie Wilson to live on the premises and to cook and do other domestic and farm work. In March, 1905, the wife moved into a separate

house on the farm, where she remained for nine months, and then left the premises. In March, 1906, the husband brought a libel 'for divorce, alleging cruel treatment of the wife in refusing to cohabit with him. In the following month she brought a petition for temporary and permanent alimony and counsel fees, for the custody of the minor children, and for injunction against the disposition or encumbering of the husband's property. She alleged that the husband had often beat · and otherwise maltreated her, cursing her and heaping other indignities upon her, and allowed Susie Wilson to abuse and worry her; and that he had kept and treated this woman as if she were his wife. These allegations were denied by the defendant, who contended that he was without fault. The testimony at the hearing for temporary alimony was conflicting. The judge refused the prayers for temporary alimony, injunction, and custody of children; and the plaintiff excepted.

*M. C. Few,* for plaintiff.    *W. C. Thompson,* for defendant.

COBB, P. J. Whenever an action of divorce is brought by either party, the judge is authorized to grant to the wife temporary alimony, including expenses of litigation. Civil Code, § 2457. This may be also done upon proper application by the wife when there is· no action for divorce pending. Civil Code, § 2467. In either event the judge may inquire into the cause and circumstances of the separation, and in his discretion may refuse the application for alimony altogether. Civil Code, § 2460. Counsel fees allowed to the wife under such circumstances, or "suit money" as they are sometimes called, are allowed as necessaries to the wife, and she is authorized to pledge her husband's credit for the same. 2 Bishop on Marrage, Divorce, and Separation, 973; 2 Nelson on Divorce and Separation, § 876. In *Sprayberry* v. *Merk,* 30 *Ga.* 81, Judge Stephens said, "It is worthy of remark that counsel fees are allowed as part of her necessary maintenance, and are allowed before it is ascertained whether she has valid grounds of divorce or not." See also *Killiam* v. *Killiam,* 25 *Ga.* 186; *Weaver* v. *Weaver,* 33 *Ga.* 172. In some instances counsel fees have been allowed although temporary alimony was refused. 2 Nelson on Divorce and Separation, § 824. But in all cases the allowance both of alimony and counsel fees, or the allowance of one and the disallowance of the other, is a matter addressed to the sound discretion of the judge after an examination into the causes of the separation and the

circumstances of the parties. He may grant both. He may grant one and refuse the other, or he may refuse both. Unless this discretion is abused, this court will not interfere with the order of the judge granting or refusing the application for alimony. In the present case the evidence as to the cause of separation was conflicting, and on other material points there was also a conflict. The judge after a hearing having seen fit, in the exercise of the discretion vested in him by law, to refuse the application, not granting either alimony or counsel fees, we can not say that he has abused the discretion which the law allows him. See, in this connection, *Vinson* v. *Vinson,* 94 *Ga.* 492; *Williams* v. *Williams,* 114 *Ga.* 772; *Pearson* v. *Pearson,* 125 *Ga.* 132.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*