## KEEFER v. KEEFER.

1. Where a wife brought suit against her husband, alleging a permanent separation on account of misconduct on his part, and praying for permanent alimony and for an allowance as temporary alimony and counsel fees, and pending the case, but before the allowance of temporary alimony or counsel fees, the parties adjusted their differences and resumed cohabitation and desired that the case be dismissed, it was proper to enter an order of dismissal, and to refuse to permit the attorneys for the wife to intervene and become parties to the case, or to render a judgment in that proceeding for attorney's fees.

2. The inclusion in the original petition of a prayer for the appointment of a receiver to hold the property of the husband within the jurisdiction, as a means of realizing on such judgment as the wife might obtain, and the appointment of a temporary receiver, did not alter the case.

MAY 14, 1913.

Alimony, etc. Before Judge Pendleton. Fulton superior court. June 14, 1912.

On January 20, 1912, Mrs. Grace Macy Keefer filed in Fulton superior court her petition against D. H. Keefer and others, alleging in substance as follows: On April 11, 1906, she was married to D. H. Keefer in the city of New York. They came almost immediately to the city of Atlanta, where the defendant had previously resided. They lived together as husband and wife until a few months since, with the exception that on several occasions the plaintiff was compelled to live separate from him on account of his cruel and inhuman treatment of her, and also with the exception that the defendant several times absented himself from her without cause or reason. After her separation from him, she went back to live with him on the faith of his promise to treat her with kindness and consideration, and at all times she has been a devoted and faithful wife to him. In July, 1909, he left the plaintiff and took up his residence in the city of New York; and he now claims to be a citizen of the State of New York, though he maintains an office in the city of Atlanta, and claims to be a member of the bar of that place. There is no issue of the marriage. The plaintiff has two children by a former marriage. The husband and wife are now living in a bona fide state of separation, and no action for divorce is pending in the State of Georgia. She alleges, upon information and belief, that since the separation the defendant has been guilty of various acts of adultery. She also alleges, upon information and belief, that he owns a large amount of real and

personal property, of the probable value of $80,000, and has a large income.  He owns certain real estate in Fulton county, of the aggregate value of at least $30,000, and also a number of shares in certain named corporations.  Plaintiff owns certain property (a description of which is omitted from the record) ; and other than this she has no property which will produce an income, except certain shares of stock, from which she receives $335 a year.  She is dependent upon the defendant for maintenance and support, and a reasonable sum for that purpose would be $250 per month.  In order to maintain this action, it will be necessary to employ counsel in New York and to take numerous depositions; and a reasonable allowance for these expenses and for the employment of counsel will be $2,000.  The plaintiff is fearful that the defendant may transfer his personal property and convey his real estate, in which event she will be completely at his mercy and without adequate means to compel him to provide for her support and maintenance. She prays for the appointment of a receiver to take charge of all the property of the defendant to be found within the jurisdiction of the court: that the defendant be enjoined from transferring or incumbering such property; that the corporations named, in which he holds stock, be enjoined from transferring any of it; that she have judgment against the defendant for $250 per month, and for $2,000 for counsel fees and expenses incident to this litigation, and that the judgment be satisfied out of the property coming into the hands of the receiver, unless the defendant shall submit himself to the jurisdiction of the court; in which event a general judgment is also prayed against him; and for general relief and process.

A temporary receiver was appointed.  On April 19 thereafter, the defendant presented his petition to the court, alleging that he and his wife, the plaintiff in the cause, had adjusted their differences, and were living together as man and wife; that since such adjustment and after the renewed cohabitation, the plaintiff had repeatedly directed her counsel to dismiss the case, but such counsel declined to do so.  The defendant prayed that an order be passed calling upon counsel to show cause why the case should not be dismissed and the receiver discharged.  An order was granted accordingly.  Counsel for the plaintiff filed a response to the rule, alleging in substance as follows: During the latter part of October, 1911, the plaintiff employed them to advise and counsel

with her in regard to the differences then existing between her and her husband. At that time the plaintiff and the defendant were living in a state of separation, and the defendant was residing in New York. The plaintiff decided that it was best to obtain an absolute divorce from her husband, and accordingly employed certain named lawyers of the New York bar to co-operate with these respondents in carrying out her wishes. As the defendant was at the time a resident of the State of New York, and the marriage had been performed in that State, its courts had jurisdiction of the suit for divorce, which was accordingly there filed. The plaintiff and her two children were living in Atlanta, and the property of the defendant was located in Fulton county. In order to procure temporary and permanent alimony it was necessary that the petition should be filed in the superior court of Fulton county. Accordingly these respondents, as attorneys for the plaintiff, prepared and filed such a petition, and upon it an order was passed placing the property in the hands of a receiver. They have faithfully performed all services required of them by the plaintiff, and have advised and counseled her in regard to the suit for divorce pending in New York; but they have received no compensation for their services, nor has she offered to pay them therefor. On February 6, 1912, the plaintiff wrote from New York to her counsel, directing them to dismiss her petition, but declined to state to them at whose cost the proceeding should be dismissed, and refused to make any provision for their compensation. $2,000 is a reasonable amount to be allowed to them as plaintiff's attorneys. The report of the receiver shows that he has abundant property of the defendant in his possession with which to pay all court costs and counsel fees. They pray, that they be made parties plaintiff in the action; that they be allowed $2,000 as counsel fees, to be recovered out of the property in the hands of the receiver; that the receiver's fees and expenses and all court costs be paid out of the property in his hands; and that the prayer of the petition filed by the defendant be denied.

Upon the hearing of the petition for dismissal of the action and the response thereto, the presiding judge passed this order: "It having been admitted in open court that Mrs. Grace Macy Keefer has, situated in Fulton county, this State, property of the value of $20,000, and other valuable property not situated in the State of Georgia, the value of which is not stated, it is therefore considered,

ordered, and adjudged that the petition to dismiss said cause be and the same is hereby granted, and said case is hereby dismissed." To this order the counsel of the plaintiff excepted. The judge also entered judgment against the plaintiff for the court costs and receiver's fee.

*Evins & Spence,* for plaintiff.

*Rosser & Brandon,* for defendant.

LUMPKIN, J. (After stating the foregoing facts.) The argument in this case has taken a wide range. It has included, among other things, a discussion of the marital right of the husband as to the wife's property, under the common law; its effect in leaving her practically helpless to bring a divorce suit against her husband or to defend one brought by him, unless "suit money" were allowed her; the consequent treating of her attorney's fees in such cases as in the nature of necessaries, where the attorney in good faith and on probable cause prosecuted or defended a wife's divorce suit with her husband; the recognition of that theory in this State (*Sprayberry* v. *Merk,* 30 *Ga.* 81 (76 Am. D. 637), decided in 1860, distinguished from a case involving other facts in *Glenn* v. *Hill,* 50 *Ga.* 94, decided in 1873), and the question of the effect of the adoption of the code, which first became of force in 1863, and contained express provisions in regard to allowing temporary alimony and attorney's fees pendente lite, and of the enactment of what is commonly called "the married woman's act" of 1866, preserving her separate property to her.

We do not deem it necessary to follow counsel over the entire field covered by their arguments. The case before us is not a suit by the attorneys for the wife against either her or her husband, after the termination of the alimony suit between them; and it would be ranging into the by-paths of obiter dictum to determine what might be ruled in such an action. Here the wife sued her husband for permanent alimony, and prayed for the allowance of temporary alimony and attorney's fees, under the statute; and incidentally a receiver was prayed. The parties settled their differences and desired to dismiss the case. The wife's attorneys objected so far as it affected the allowance of attorney's fees, and prayed to be made parties, and to have fees awarded to them in that case.

Upon an application for the allowance of temporary alimony,

including counsel fees, pending a suit for divorce or permanent alimony, such allowance is not a matter of arbitrary right, under our statutes, but a matter to be determined by the use of a sound discretion applied to the facts of the case, the causes of the separation, and the circumstances of the parties. Civil Code, §§ 2976, 2977, 2979; *Parks* v. *Parks,* 126 *Ga.* 437 (55 S. E. 176). In the opinion in the *Parks* case the expression was used that the allowance of both alimony and counsel fees, or the allowance of one and the disallowance of the other, is a matter addressed to the sound discretion of the judge, after examination into the causes of the separation and the circumstances of the parties. This did not mean that the two things were wholly distinct, with the right to apply for one in the client and for the other in the attorney, but that, upon such an application by the wife, the judge might allow a sum for her support and also for counsel fees, one or both, or neither, if the evidence so authorized. This is made evident by considering that opinion in the light of the facts involved, and in connection with other decisions of this court, and the language of the statute itself. Civil Code, § 2976; *Sweat* v. *Sweat,* 123 *Ga.* 801 (51 S. E. 716); *Hughes* v. *Hughes,* 133 *Ga.* 187 (65 S. E. 404). It has been said that the application for temporary alimony, including attorney's fees, should be made and determined pendente lite, but that a judgment for such fees based upon a verdict therefor was not a nullity. *VanDyke* v. *VanDyke,* 125 *Ga.* 492 (54 S. E. 537). In *Weaver* v. *Weaver,* 33 *Ga.* 172, on the hearing of an application therefor, an order was passed directing a husband to pay into court a certain amount to compensate counsel who represented the wife, and also an amount for the maintenance of the wife. After the case had been prepared, but before trial, it was dismissed. It was held that this operated to rescind the order as to the alimony proper allowed to the wife, but not as to the fees of counsel. It was said: "We see no reason for compelling counsel to resort to an independent action when his fees have been already adjudged." In view of this ruling, it was held in *Roberts* v. *Roberts,* 115 *Ga.* 259 (41 S. E. 616, 90 Am. St. R. 108), that when an application was made for the grant of alimony and attorney's fees, counsel for the applicant had such a pecuniary interest in the result that, under our statute, a judge related to him within the fourth degree was disqualified from presiding. What was said in

the opinion must be considered in connection with the question before the court.

We are aware that there is some conflict of authority as to whether a court may refuse to dismiss a divorce case without the payment of attorney's fees to the wife's attorney, or whether an order for such fees may be granted before or in connection with the dismissal. It is unnecessary to discuss the basis of such decisions, or the English practice of taxing attorney's fees as costs. We think the decisions which rule that counsel for the wife can not prolong such a suit against the wishes of their client are the sounder and more applicable to the statutory procedure in this State for obtaining temporary alimony, including counsel fees, as well as more in accord with public policy. There is no law authorizing attorneys, pending a suit for divorce or permanent alimony, to make application for the allowance of temporary alimony on their own behalf. Such allowance is not a matter of course, but a matter to be determined upon consideration of the facts. After a wife has condoned the misconduct alleged against the husband, and the two have resumed their former relations, and when they desire to stop the legal controversy between them, it would be against sound public policy to say that they could not do so, but must continue their case involuntarily, and display the family skeleton and parade their forgiven grievances, so as to aid the judge to determine whether, in his discretion, he would have granted alimony, and would still award counsel fees.

This public policy in favor of permitting a settlement of matrimonial differences has been declared in other States. In Jordan v. Westerman, 62 Mich. 170 (28 N. W. 826, 4 Am. St. R. 836), the court was discussing a contract by a married woman made with her solicitor, in advance of a decree for divorce, to pay to him one half of what should be awarded to her as alimony. Champlin, J., said: "Public policy is interested in maintaining the family relation. The interests of society require that those relations shall not be lightly severed, and that families shall not be broken up for inadequate causes, or from unworthy motives; and where differences have arisen which threaten disruption, public welfare and the good of society demand a reconciliation, if practicable or possible. Contracts like the one in question tend directly to prevent such reconciliation, and, if legal and valid, tend directly to bring around

alienation of husband and wife by offering a strong inducement, amounting to a premium, to induce and advise the dissolution of the marriage ties as a method of obtaining relief from real or fancied grievances which otherwise would pass unnoticed." In Hillman *v.* Hillman, 42 Wash. 595 (85 Pac. 61, 114 Am. St. R. 135), it was held that a wife could enter into a stipulation for the dismissal of her action for divorce and a pendente-lite application for temporary alimony without the consent of her attorneys, and the court could not allow them to intervene in the action, and thereupon enter a judgment in their favor for their fees and for costs advanced by them. Fullerton, J., said: "It is the policy of the law to encourage husband and wife to compromise and settle between themselves their domestic troubles, and to discourage actions for divorce. Actions for divorce, therefore, which both parties desire dismissed, should not be kept alive merely to settle the claims of counsel for attorney's fees."

In Reynolds *v.* Reynolds, 67 Cal. 176 (7 Pac. 480), it was held that if, pending an action for divorce, the parties thereto admit a condonation and ask that the action be dismissed, the court should order a dismissal, and could not thereafter enter judgment against the husband for the counsel fees of the wife. Myrick, J., tersely said: "When the husband and wife forgave and were forgiven, and abandoned their criminations and recriminations, the attorneys had but to gather up their briefs and retire." See also Petersen *v.* Petersen, 76 Neb. 282 (107 N. W. 391, 124 Am. St. R. 812); Stover *v.* Stover, 7 Idaho, 185 (61 Pac. 462); Carden *v.* Carden (Tenn.), 37 S. W. 1022; McCulloch *v.* Murphy, 45 Ill. 256, 258.

It may be further mentioned that a failure to pay alimony is enforceable by attachment; and if counsel fees awarded in such an application may be enforced in the same way, we might have the spectacle of a forgiving wife being unwillingly compelled to proceed to obtain a judgment and then enforce it by putting her repentant husband in jail for non-payment of her attorney's fees. The exact point as to public policy has not been decided in Georgia. In *Chastain* v. *Lumpkin & Wright*, 134 *Ga.* 219 (67 S. E. 818), after a petition by a wife for divorce and for permanent and temporary alimony had been filed, but before it had been served, the parties "resumed their relations to each other as husband and wife,"

and the plaintiff notified her counsel and the sheriff to proceed no further in the case. It was held that her counsel could not thereafter press the case, over her protest, by having service perfected and obtaining a judgment for fees.

Had the attorneys in the present case, after service had been perfected, such a lien as gave them a right to prosecute the suit of the wife in spite of her desire to dismiss it? We think not. By the Civil Code, § 3364, par. 2 (the only clause here relevant), an attorney is ·given a lien upon "all suits, judgments, and decrees for money," and it is declared that no person shall be at liberty to satisfy such suit, judgment, or decree until the lien of the attorney for his fees is fully satisfied; and further that attorneys shall have the same right and power over such suits, judgments, or decrees, to enforce their liens, "as their clients had or may have for the amount due them thereon." While the language is somewhat broad, we think it was not intended to cover an application for alimony and counsel fees. It refers to suits "for money," and again to "the amounts due" the clients. Applications for alimony are in several respects quite dissimilar from ordinary suits for money. An order or judgment for the payment of alimony may be enforced by imprisonment, though the constitution prohibits imprisonment for debt. ·Carlton v. Carlton, 44 Ga. 216; Lewis v. Lewis, 80 Ga. 706 (6 S. E. 918, 12 Am. St. R. 281). A decree granting alimony is not a debt "founded on a contract" within the meaning of a statute providing for relief from such debts by a discharge in insolvency. Noyes v. Hubbard, 64 Vt. 302 (23 Atl. 727, 15 L. R. A. 394, 33 Am. St. R. 928). Alimony has been held not to be assignable in advance of its allowance. Jordan v. Westerman, supra. Its basis is a duty on the part of the husband, rather than an indebtedness. These illustrations will serve to show that such an action (at least before a judgment fixing a sum as an allowance) is not a suit "for money," or one for an "amount due" a client, within the meaning of the statute regulating attorney's liens. Certainly the legislature never contemplated that an attorney could insist on continuing to prosecute a wife's suit for divorce after she had condoned the alleged offense and resumed cohabitation with her husband, and no longer desired a divorce. The same reason of public policy applies to the cessation of a suit for alimony, based on the fact that the husband and wife were living separate

at the time of its commencement. The mere addition of a prayer for a receiver to hold the property of the husband to be found within the jurisdiction, as a means of securing payment of such amount of alimony as might be awarded, and the appointment of a temporary receiver, would not change the nature of the action.

The situation of the attorneys in this case is not so unfortunate as it might seem at a casual glance. It appears that their client and her husband are both amply solvent; and the ruling here made only goes to the extent of holding that the attorneys can not intervene in this suit, or obtain a judgment for fees therein, or prevent its dismissal. *Judgment affirmed.    All the Justices concur.*