### OVERSTREET *v.* OVERSTREET.

LUMPKIN, J. This case is controlled in principle by the decision in *Keefer* v. *Keefer*, 140 *Ga.* 18 (78 S. E. 462, 46 L. R. A. (N. S.) 527).

(*a*) The fact that in the present case, on an application for the grant of temporary alimony and attorney's fees, the court granted an order awarding a certain amount as alimony to the wife, and "ordered further that the question of attorney's fees be held in abeyance by the court

for the submission of testimony as to the value of services rendered and to be rendered in connection with the case, which hearing shall be" at a certain time, did not differentiate the present case from that above cited. The order passed did not award counsel fees, but directed that the question of attorney's fees "be held in abeyance." While the question was thus in abeyance, if the husband and wife became reconciled and renewed their cohabitation, attorney's fees could not be afterward awarded on application therefor. When the facts above stated were made to appear, the application for attorney's fees should have been dismissed.

(b) In the record, after the order denying the motion to dismiss, appear what purport to be copies of two affidavits made by one of counsel for the plaintiff, but they form no proper part of the record, and can not be considered under the ruling in *Glover* v. *State*, 128 *Ga.* 1 (57 S. E. 101).

　　*Judgment reversed. All the Justices concur, except Beck, J., absent.*
　　　　　　　　　　NOVEMBER 12, 1915.

Award of attorney's fees. Before Judge Sheppard. Tattnall superior court. June 4, 1915.

*E. C. Collins* and *Hines & Jordan,* for plaintiff in error.