## BENNETT *v.* BENNETT.

In applications for alimony the allowance of a reasonable sum for attorney's fees is a right of the wife, provided by law for her protection and the proper presentation of her cause before the court. At any time during the pendency of an application for alimony (whether this be accompanied by petition for divorce or not) it is within the sound discretion of the judge of the superior court, upon a hearing had after due notice to the husband, to fix and grant attorney's fees to counsel for the petitioner, and to require the defendant husband to pay the same; and the right of counsel who has represented the petitioner and performed services of value to reasonable compensation is not to be defeated merely because the husband, without the consent of such counsel, succeeded in

obtaining a settlement of the alimony or in reaching an agreement as to the monthly amount to be paid as alimony. Especially is this true where the cause is one in which both husband and 'wife are praying for a divorce, and no steps have been taken to dismiss this feature of the case, and on the contrary it is apparent (from the fact that the parties have separated for good) that a total divorce is the object sought by the husband.

No. 4072. April 15, 1924.

Award of attorney's fees. Before Judge J. B. Jones. Hall superior court. November 3, 1923.

*J. G. Collins,* and *B. P. Gaillard Jr.,* for plaintiff in error.

*W. N. Oliver,* contra.

RUSSELL, C. J. Mrs. Ethel Bennett filed a petition for divorce and alimony against her husband, A. C. Bennett. Before any adjudication by the court either as to the divorce or alimony, the husband effected a settlement with his wife, by which the latter agreed to withdraw and abandon the suit theretofore instituted for divorce and alimony in Hall superior court and providing that Mrs. Bennett was to have the custody and control of one of the children, Louise Bennett, and her husband was to have the custody and control of the other, a boy named Rufus Bennett; also that Louise Bennett was to have the sum of $8 per month during a period of 16 years, and in case of sickness A. C. Bennett should pay the medicine and doctor's bills. It was further agreed that Bennett should pay (and he did pay $50) the traveling expenses of his wife to Springfield, Missouri, where she is now residing with her mother. Mrs. Bennett accepted this adjustment in full of all her rights to alimony, and in full of all claims for year's support or dower or any interest in the estate of her husband. In the original petition, in addition to prayers for injunction to prevent the sale of the husband's property and for the writ of ne exeat, there were prayers for a total divorce and for both temporary and permanent alimony, as well as attorney's fees; but it will be noted that in the settlement between husband and wife no provision was made for compensation for the services of the attorney. The adjudication now under review concerns only the allowance of attorney's fees, and the foregoing facts from the record are used merely for the purpose of determining the correctness of the judgment of the lower court. Upon a hearing specially set for the specific purpose of passing upon that portion of the petition praying the allowance

of attorney's fees, and after the introduction of testimony as to the nature and value of the services of the attorney for the petitioning wife, as well as testimony showing the nature of the agreement between the parties and that the wife and her little daughter had gone to Missouri for permanent residence, while the defendant in the original suit had instituted an action for divorce in the superior court of Hall County, his honor J. B. Jones, judge of the Northeastern Circuit, entered a judgment against the defendant A. C. Bennett for $50 as attorney's fees in compensation for services rendered in representing his wife as above stated.

It is insisted that this award of attorney's fees is error and contrary to law, and especially for the reason that the husband and wife have effected a satisfactory settlement of the pending litigation as between themselves. We approve the judgment of the trial judge. So far as we are aware, it has been the unvarying practice of the courts to embrace counsel fees in the wife's allowance for alimony. These fees have been considered necessary in order to furnish the wife means with which to test the sufficiency of the grounds set forth in her libel for divorce. *Van Dyke* v. *Van Dyke,* 125 *Ga.* 491, 493 (54 S. E. 537). The right of the wife to have an attorney to represent her in proceedings either for alimony or divorce, and to have such attorney paid by her husband, is an incident to the wife's right to temporary alimony. *Glenn* v. *Hill,* 50 *Ga.* 94, 96. In *Sprayberry* v. *Merk,* 30 *Ga.* 81 (76 Am. D. 637), in which Sprayberry, as an attorney, brought a suit against Merk for services rendered as an attorney for the wife of the defendant in instituting and conducting a libel for divorce on behalf of the wife against her husband, the defendant, and in filing a petition for the writ of ne exeat relating to the divorce cause, and in which the case was dismissed before judgment on account of the settlement of the difficulty between the parties, the plaintiff proved that his services were worth $100, and that the case was dismissed without want of skill, or failure or neglect on his part to prosecute it. The trial judge awarded a nonsuit upon the ground that a man cannot be held chargeable for the services of a lawyer in bringing a suit against himself without his consent; and this court reversed the judgment of nonsuit. Judge Stephens, delivering the opinion of the court, and after referring to the ground upon which the judgment of nonsuit was based, said: "This is, un-

doubtedly, true as a general principle; but we think that a suit by the wife for a divorce must be excepted from its operation, from the necessity of the case. As to this one matter of a suit for a divorce, the wife is sui juris, having a clear right to institute and conduct that kind of a suit independently of her husband's consent. But this right is practically denied to her if she can command no means of paying the agents who are necessary to the conduct of the suit. Therefore it is that, quoad hoc, she may charge the common funds of herself and husband in his hands. But as this power on her part is founded on the necessity of the case, so its extent does not exceed the demands of the necessity; and therefore she can charge the common fund (or her husband, which is the same in effect) only with the real value of such services as she may procure, and not with the price she may fix on them by her contract. Upon these views is founded the constant practice of the courts in granting *alimony* to the wife during the pending of her suit for a divorce, and in embracing her counsel fees in the allowance. It is worthy of remark, that her counsel fees are allowed as a part of her necessary *maintenance,* and are allowed before it is ascertained whether she has valid ground for a divorce or not. They are allowed as the necessary means of testing that question, a question which every wife has a right to test whenever she pleases. Pro hac vice, she is, sub modo, a feme sole. As to the settlement which took place in this case between the husband and wife, after she had got the services of her counsel, it is scarcely necessary to remark that the counsel, after having acquired a right to compensation for his services by rendering them at the request of the wife, could not be *settled* out of that right by arrangement to which he was no party."

Of course since the passage of the act of 1866, giving married women the right to own and control their separate estates, there has been no variation in the principle. It has been held, that, on the hearing of applications for alimony including the expenses of the litigation, the judge may allow as counsel fees such amount as may seem proper under the facts and circumstances of the case, although there is no evidence before him fixing the value of the services rendered or to be rendered by the plaintiff's counsel. *Sweat* v. *Sweat,* 123 *Ga.* 801, 802 (51 S. E. 716); *Campbell* v. *Campbell,* 67 *Ga.* 423; *Dicken* v. *Dicken,* 38 *Ga.* 663, 670. It is

true that counsel may enforce the payment of fees which have accrued as the result of his employment by the wife to bring an action for divorce or alimony, by direct proceedings against the husband in their own name. *Roberts* v. *Roberts,* 115 *Ga.* 259 (41 S. E. 616, 90 Am. St. R. 108) ; *Weaver* v. *Weaver,* 33 *Ga.* 172. But this does not preclude or prevent the award of compensation to the petitioners' attorney in a proceeding for divorce or alimony, or both, as a part of the expenses of the litigation to which the wife is entitled, at any time during the pendency of the petition or libel. In the present case, though the parties had made a settlement agreeable to themselves, the original petition filed in behalf of Mrs. Ethel Bennett had not been dismissed. The action was still pending, the court was apprised by evidence of the services performed, and there was testimony as to the value of these services, and the compensation awarded was apparently very moderate.

The rulings in *Keefer* v. *Keefer,* 140 *Ga.* 18 (78 S. E. 462, 46 L. R. A. (N. S.) 527), and *Overstreet* v. *Overstreet,* 144 *Ga.* 294 (87 S. E. 27), upon which the plaintiff in error relies, have no bearing in this case, and nothing ruled herein conflicts with either judgment referred to. The conditions arising from the settlement in these cases were so entirely different from those existing in the present case that the principles upon which those decisions rest have no application in the case at bar. The *Keefer* case was one in which the parties adjusted their differences and renewed cohabitation and desired the case to be dismissed; and this court held that under those circumstances it was proper to enter an order of dismissal, and to refuse to permit the attorneys for the wife to intervene and become parties to the suit for the purpose of collecting attorneys' fees. The decision in that case is based upon the public policy in favor of maintaining the family relation and to permit a settlement .of matrimonial differences for that purpose. The numerous citations of decisions from other commonwealths by Mr. Justice Lumpkin, who delivered the opinion of the court, all enforce the same point that restoration of the family relation is of such importance to society that the enforcement of claims for attorney's fees will not be suffered to endanger the re-establishment of harmonious family relations. The *Keefer* case also differs from the case at bar, in that the court was required to deal with a matter not presented in this case, to wit, the question whether an

attorney can intervene and be made a party plaintiff on his own account to ask for attorney's fees, when the usual rule of law provides that the application for the payment of her attorney's fees is to be made by the wife and in her petition. The decision in the *Overstreet* case, supra, was controlled by the prior ruling in the *Keefer* case, it appearing that while the question of attorney's fees was in abeyance the husband and the wife became reconciled and renewed cohabitation.

How very different are the facts in the present case! So far from there being any attempt at reconciliation whatever or any restoration of the relation of a happy home and a reunited family in which the law delights, it is undisputed that this unhappy pair, instead of getting closer together, are many miles further apart than at the time of the filing of the petition; that the little boy and his sister, instead of enjoying the affection and mutual assistance and affectionate interest of each in and for the other, are destined the one to be a citizen of Missouri and the other of Georgia, and perhaps will never meet again. The matter of public policy upon which the *Keefer* and *Overstreet* cases properly rest, the law's interest that every family circle shall, if possible, be unbroken, is altogether absent here; and as remarked by Judge Stephens in the *Sprayberry* case, supra, such a settlement as the defendant attempted to make with his wife should not be allowed to settle the claim of the wife's attorney for his services.

The judgment of the trial judge was right.

*Judgment affirmed. All the Justices concur.*