## LITTLE *v.* LITTLE.

No. 10533. April 10, 1935.

*J. C. Miner,* for plaintiff in error. *Ellis McClelland,* contra.

HUTCHESON, Justice. Mrs. Willie Ruth Little sued her husband, Jim Little, for divorce, permanent and temporary alimony, and attorney's fees. The suit was filed and served on June 20, 1934. On June 22, 1934, the husband and wife entered into an agreement with reference to future alimony, and the wife agreed to dismiss her action for a divorce, and on the same day she addressed to the clerk of Fulton superior court a letter as follows: "You are hereby authorized and directed to mark the case of Mrs. Willie Ruth Little vs. Jim Little, No. 102930 Fulton superior court, dismissed by the plaintiff.. Yours very truly, Mrs. Willie Ruth Little." Upon this letter was endorsed the following: "Plff's. atty. desires to be heard before any order of dismissal is taken. E. D. Thomas, Judge. Filed in office this the 25 day of June, 1934. S. W. Huff, Deputy Clerk." On July 31, 1934, the judge made the following order:

"The within coming on for a hearing on the question of attorney's fees in connection with and a part of the within proceeding for alimony, it is the order of this court that the attorney of record for the plaintiff, Ellis McClelland, do have and recover of defendant, J. N. Little, the sum of twenty-five dollars ($25.00), attorney's fees for the filing and prosecution of the within suit for temporary and permanent alimony, the same to be paid as follows by defendant: five dollars ($5.00) on August 1, 1934; five dollars ($5.00), September 1, 1934; and five dollars ($5.00) on October 1, 1934; and November 1, and December 1, 1934." At the same term of court J. N. Little filed a petition to set aside the judgment allowing attorney's fees, on the ground that the suit for divorce and alimony and attorney's fees had been dismissed before there was a hearing on temporary alimony and attorney's fees. This petition was denied by the court, and the plaintiff excepted.

■ The letter written by the plaintiff in the divorce proceeding, addressed to the clerk of the superior court, was not a formal dismissal of the case. The notation by the judge on the letter, that the plaintiff's attorney desired to be heard on the question of attorney's fees, indicates that this question was left open in the case. In *Athens Apartment Corporation* v. *Hill*, 156 *Ga.* 437 (119 S. E. 631), this court held: "When upon the call of a case for trial, the plaintiff not appearing, and counsel for the defendants moving to dismiss the case for want of prosecution, the trial judge announced orally that the case was dismissed for want of prosecution, struck the same from the trial calendar, and made a pencil entry on such calendar that the case was dismissed for want of prosecution, but no order was taken dismissing the case, and said pencil entry of dismissal was not placed on the minutes of the court, these proceedings, without more, were insufficient to accomplish the dismissal of the suit during the term at which said proceedings took place." In *Bennett* v. *Bennett*, 157 *Ga.* 848 (122 S. E. 616), this court held: "In applications for alimony the allowance of a reasonable sum for attorney's fees is a right of the wife, provided by law for her protection and the proper presentation of her cause before the court. At any time during the pendency of an application for alimony (whether this be accompanied by petition for divorce or not) it is within the sound discretion of the judge of the superior court, upon a hearing had after due notice to the husband,

to fix and grant attorney's fees to counsel for the petitioner, and to require the defendant husband to pay the same; and the right of counsel who has represented the petitioner and performed services of value to reasonable compensation is not to be defeated merely because the husband, without the consent of such counsel, succeeded in obtaining a settlement of the alimony or in reaching an agreement as to the monthly amount to be paid as alimony." The judge did not err in refusing to set aside the judgment allowing attorney's fees in the divorce and alimony proceeding.

■ Headnote two requires no elaboration.

*Judgment affirmed. All the Justices concur.*