WILLIAMS *v.* WILLIAMS, for use, etc.

No. 12676. JULY 11, 1939. REHEARING DENIED JULY 27, 1939.

*M. Warren Tenenbaum* and *Abrahams, Bouhan, Atkinson & Lawrence,* for plaintiff in error.

*Oliver & Oliver,* contra.

ATKINSON, Presiding Justice. Application of the principle of public policy was discussed in *Keefer* v. *Keefer,* 140 *Ga.* 18 (78 S. E. 462, 46 L. R. A. (N. S.) 527), decided by the entire bench of six Justices, in which, after institution of suit for alimony, the parties by private agreement resumed their marital relations, and the wife instructed her attorneys by letter to dismiss the case, without offering to pay them for their services. The judge refused to permit the attorneys to proceed for allowance of fees for their services in the case. The judgment refusing allowance of attorney's fees was affirmed. In the opinion it was said: "Here the wife sued her husband for permanent alimony, and prayed for the allowance of temporary alimony and attorney's fees, under the statute; and incidentally a receiver was prayed. The parties settled their differences and desired to dismiss the case. The wife's attorneys objected so far as it affected the allowance of attorney's fees, and prayed to be made parties, and to have fees awarded to them in that case.

"Upon an application for the allowance of temporary alimony, including counsel fees, pending a suit for divorce or permanent alimony, such allowance is not a matter of arbitrary right, under our statutes, but a matter to be determined by the use of a sound discretion applied to the facts of the case, the causes of the separation, and the circumstances of the parties. Civil Code, §§ 2976, 2977, 2979; *Parks* v. *Parks,* 126 *Ga.* 437 (55 S. E. 176). In the opinion in the *Parks* case the expression was used that the allowance of both alimony and counsel fees, or the allowance of one and the disallowance of the other, is a matter addressed to the sound discretion of the judge, after examination into the causes of the separation and the circumstances of the parties. This did not mean that the two things were wholly distinct, with the right to apply for one in the client and for the other in the attorney, but that, upon such an application by the wife, the judge might allow a sum for her support and also for counsel fees, one or both, or neither, if the evidence so authorized. This is made evident by considering that opinion in the light of the facts involved, and in connection with other decisions of this court, and the language of the statute itself. Civil Code, § 2976; *Sweat* v. *Sweat,* 123 *Ga.* 801 (51 S. E. 716); *Hughes* v. *Hughes,* 133 *Ga.* 187 (65 S. E. 404). . .

"We are aware that there is some conflict of authority as to

whether a court may refuse to dismiss a divorce case without the payment of attorney's fees to the wife's attorney, or whether an order for such fees may be granted before or in connection with the dismissal. It is unnecessary to discuss the basis of such decisions, or the English practice of taxing attorney's fees as costs. We think the decisions which rule that counsel for the wife can not prolong such a suit against the wishes of their client are the sounder and more applicable to the statutory procedure in this State for obtaining temporary alimony, including counsel fees, as well as more in accord with public policy. There is no law authorizing attorneys, pending a suit for divorce or permanent alimony, to make application for the allowance of temporary alimony on their own behalf. Such allowance is not a matter of course, but a matter to be determined upon consideration of the facts. After a wife has condoned the misconduct alleged against the husband, and the two have resumed their former relations, and when they desire to stop the legal controversy between them, it would be against sound policy to say that they could not do so, but must continue their case involuntarily, and display the family skeleton and parade their forgiven grievances, so as to aid the judge to determine whether, in his discretion, he would have granted alimony, and would still award counsel fees.

"This public policy in favor of permitting a settlement of matrimonial differences has been declared in other States. In Jordan v. Westerman, 62 Mich. 170 (28 N. W. 826, 4 Am. St. R. 836), the court was discussing a contract by a married woman made with her solicitor, in advance of a decree for divorce, to pay to him one half of what should be awarded to her as alimony. Champlin, J., said: 'Public policy is interested in maintaining the family relation. The interests of society require that those relations shall not be lightly severed, and that families shall not be broken up for inadequate causes, or from unworthy motives; and where differences have arisen which threaten disruption, public welfare and the good of society demand a reconciliation, if practicable or possible. Contracts like the one in question tend directly to prevent such reconciliation, and, if legal and valid, tend directly to bring around alienation of husband and wife by offering a strong inducement, amounting to a premium, to induce and advise the dissolution of the marriage ties as a method of obtaining relief from real or fan-

cied grievances which otherwise would pass unnoticed.' In Hillman *v.* Hillman, 42 Wash. 595 (85 Pac. 61, 114 Am. St. R. 135), it was held that a wife could enter into a stipulation for the dismissal of her action for divorce and a pendente-lite application for temporary alimony without the consent of her attorneys, and the court could not allow them to intervene in the action, and thereupon enter a judgment in their favor for their fees and for costs advanced by them. Fullerton, J., said: 'It is the policy of the law to encourage husband and wife to compromise and settle between themselves their domestic troubles, and to discourage actions for divorce. Actions for divorce, therefore, which both parties desire dismissed, should not be kept alive merely to settle the claims of counsel for attorney's fees.'

"In Reynolds *v.* Reynolds, 67 Cal. 176 (7 Pac. 480), it was held that if, pending an action for divorce, the parties thereto admit a condonation and ask that the action be dismissed, the court should order a dismissal, and could not thereafter enter judgment against the husband for the counsel fees of the wife. Myrick, J., tersely said: 'When the husband and wife forgave and were forgiven, and abandoned their criminations and recriminations, the attorneys had but to gather up their briefs and retire.' See also Peterson *v.* Peterson, 76 Neb. 282 (107 N. W. 391, 124 Am. St. R. 812); Stover *v.* Stover, 7 Idaho, 185 (61 Pac. 462); Carden *v.* Carden (Tenn.), 37 S. W. 1022; McCulloch *v.* Murphy, 45 Ill. 256, 258.

"It may be further mentioned that a failure to pay alimony is enforceable by attachment; and if counsel fees awarded in such an application may be enforced in the same way, we might have the spectacle of a forgiving wife being unwillingly compelled to proceed to obtain a judgment and then enforce it by putting her repentant husband in jail for non-payment of her attorney's fees. The exact point as to public policy has not been decided in Georgia. In *Chastain* v. *Lumpkin & Wright,* 134 *Ga.* 219 (67 S. E. 818), after a petition by a wife for divorce and for permanent and temporary alimony had been filed, but before it had been served, the parties 'resumed their relations to each other as husband and wife,' and the plaintiff notified her counsel and the sheriff to proceed no further in the case. It was held that her counsel could not thereafter press the case, over her protest, by having service perfected and obtaining a judgment for fees."

The decision in *Keefer* v. *Keefer* was held controlling in principle, in *Overstreet* v. *Overstreet,* 144 *Ga.* 294 (87 S. E. 27), and a judgment allowing attorney's fees at the instance of the attorneys was reversed. So in the two cases the controlling principle was the same, though different results were reached (affirmance in the first case and reversal in the second case), because the judge in the first case had correctly disallowed attorney's fees, and the judge in the second case had erroneously allowed attorney's fees. In the instant case, while it is not specifically stated that the parties have made an agreement of reconciliation, or have resumed their marital relations, the expressed desire of the wife not to prosecute the case any further, and her request that it be dismissed, is directly in aid of, and as against her and her attorneys assumes, reconciliation, which, under the principles stated above, should have been given effect by disallowing the motion to award attorney's fees. See also Kuntz *v.* Kuntz, 80 N. J. Eq. 429 (83 Atl. 787) ; Bell *v.* Bell, 214 Ala. 573 (108 So. 375, 45 A. L. R. 935, 941) ; Johnson *v.* Gerald, 216 Ala. 581 (113 So. 447, 59 A. L. R. 348, 355)..

In *Bennett* v. *Bennett,* 157 *Ga.* 848 (122 S. E. 616), this court affirmed a judgment awarding attorney's fees, where after suit the wife had agreed with the husband on certain alimony and custody of the children, the wife taking one to reside with her in the State of Missouri, and the husband taking the other to reside with him in the State of Georgia. The agreement was to be in final settlement, and the wife should withdraw and settle the case. The opinion did not question the doctrine of public policy as applied in *Keefer* v. *Keefer,* supra, but, referring to that case, said: "How very different are the facts in the present case! So far from there being any attempt at reconciliation whatever or any restoration of the relation of a happy home and a reunited family in which the law delights, it is undisputed that this unhappy pair, instead of getting closer together, are many miles further apart than at the time of the filing of the petition; that the little boy and his sister, instead of enjoying the affection and mutual assistance and affectionate interest of each in and for the other, are destined the one to be a citizen of Missouri and the other of Georgia, and perhaps will never meet again. The matter of public policy upon which the *Keefer* and *Overstreet* cases properly rest, the law's in-

542

terest that every family circle shall, if possible, be unbroken, is altogether absent here." If that was a sufficient distinction, it also distinguishes that case from the instant case, where it did not appear that the husband and wife had 'agreed to continue living in a state of separation. The case of *Little* v. *Little*, 180 *Ga*. 529 (179 S. E. 712), followed *Bennett* v. *Bennett*, supra, but did not specifically refer to the doctrine of public policy. If either of these cases is in conflict with the ruling in the older case of *Keefer* v. *Keefer*, supra, in so far as they conflict they are not controlling precedents, and will not be followed. In view of the statutes and public policy in this State relating to the subject, the judgment awarding attorney's fees was an abuse of discretion by the judge.

*Judgment reversed. All the Justices concur.*