28460. BELL *v.* GILL *et al.*

DECIDED NOVEMBER 27, 1940.

*Edward F. Taylor,* for plaintiff.

*Harry S. Strozier, Milton M. Ferrell,* for defendant.

STEPHENS, P. J. Hallie B. Bell filed suit in the municipal court of Macon against Clark D. Gill to recover $50, as a reasonable attorney's fee for representing the defendant's wife in a divorce and alimony suit brought by her against him. The defendant denied liability for the attorney's fee. Upon the trial the defendant moved orally to dismiss the case on the ground that it did not appear that the divorce and alimony suit filed by the plaintiff on behalf of the defendant's wife in Bibb superior court had been dismissed. The plaintiff amended the petition, alleging that after he had on behalf of Mrs. Gill filed the suit for divorce and alimony against her husband, Clark D. Gill, that Mrs. Gill became reconciled with her husband and resumed marital relations with him, and was at the time living with the defendant; and that the divorce and alimony suit in the superior court had for that reason become unenforceable and no judgment could be lawfully entered therein against the defendant. The defendant objected to the allowance of this amendment and again moved the court to dismiss the petition as amended, because it failed to show that the divorce and alimony suit in the superior court had been dismissed before the filing of the suit in the municipal court of Macon to recover an attorney's fee for instituting on behalf of the wife the divorce and alimony suit in the superior court. The judge allowed the amendment and overruled the motion to dismiss the petition. The case proceeded to trial and the jury returned a verdict for the plaintiff in the sum of $25. There was evidence introduced to sustain the above-stated facts, and also to the effect that the value of the services rendered by the plaintiff was in excess of $25, the amount of the verdict.

The defendant applied for and obtained a writ of certiorari, and assigned error on the rulings of the court allowing the amendment to the petition and overruling the oral motion to dismiss the petition as amended, and also on the verdict and judgment. The judge

sustained the certiorari and rendered final judgment for the defendant. To this judgment the plaintiff excepted.

The sole question presented for decision is, where a suit for divorce and alimony brought by the wife against the husband has been instituted and the parties thereto, while the suit is pending and no judgment for attorney's fees has been rendered, become reconciled and go "back together" and live together as husband and wife, and the divorce proceedings have not been dismissed, can the attorney for the plaintiff wife in the divorce proceedings recover in a common-law suit against the defendant husband the value of services rendered as attorney for the wife in the divorce proceedings? In *Sprayberry* v. *Merk, 30 Ga.* 81 (76 Am. D. 637), which was a common-law suit by the attorney for the wife in a divorce suit, to recover of the husband counsel fees for services rendered to the wife, it was held that the husband was liable for such services and that the attorney for the wife could, after the dismissal of the divorce suit, recover the value of such services at common law, and that no settlement or agreement between the husband and the wife of their marital difficulties could in any way affect the right of the wife's attorney to recover of the husband for services rendered as attorney for the wife in the divorce proceedings. In *Glenn* v. *Hill,* 50 *Ga.* 94, the Supreme Court held as follows: "Whilst a libel for divorce in favor of the wife is pending, an action against the husband for the counsel fees of the wife in the divorce suit can not be maintained in a justice's court. Such a claim is an incident to the wife's right to temporary alimony, and during the pendency of the libel is only cognizable by the judge of the superior court." In that case it did not appear that the parties to the divorce suit had adjusted their differences and gone back together, but it did appear that the proceedings for divorce, alimony, and attorney's fees in the superior court had not been dismissed, and that at the time of the institution of the suit in the justice's court and the rendition of the judgment therein, the divorce action was pending.

It would seem that the theory which would prevent the attorney for the wife in a divorce suit from recovering at common law for the value of services rendered to the wife in the divorce suit, while the divorce suit is still pending and has not been dismissed or disposed of, is the pendency of a former cause of action in which the

plaintiff may recover upon the same cause of action for which he is suing at common law. Where the parties to the divorce proceedings, during the pendency of the suit, have settled their differences and resumed their marital relations, such action on their part amounts to a termination of the divorce proceedings and of the right to recover alimony and attorney's fees therein. After the parties to the divorce proceedings have condoned and settled their differences, neither the wife nor her attorney can prosecute the case for the purpose of obtaining a judgment against the husband for legal services rendered the wife in the case. This is upon the ground of public policy. *Keefer* v. *Keefer,* 140 *Ga.* 18 (78 S. E. 462, 46 L. R. A. (N. S.) 527); *Williams* v. *Williams,* 188 *Ga.* 536 (4 S. E. 2d, 195), virtually overruling *Bennett* v. *Bennett,* 157 *Ga.* 848 (122 S. E. 616), and *Little* v. *Little,* 180 *Ga.* 529 (179 S. E. 712), in so far as they hold to the contrary.

The judge of the municipal court of Macon therefore did not err in overruling the defendant's motion to dismiss the plaintiff's petition as amended, and in thereafter rendering judgment for the plaintiff. The judge of the superior court erred in sustaining the certiorari and in rendering final judgment for the defendant. The petition for certiorari should have been dismissed.

*Judgment reversed. Sutton and Felton, JJ., concur.*