### HAMBY *v.* PYE *et al.*

BELL, Presiding Justice. 1. "The subsequent voluntary cohabitation of the husband and wife shall annul and set aside all provision made, either by deed or decree, for permanent alimony." Code, § 30-217.

2. Where a wife recovers a judgment against her husband for a stated sum as permanent alimony and an additional sum as attorney's fees,

the attorney's fees are treated as part of a total sum allowed as alimony, although they are to be paid to or for the wife's attorney. *Glenn* v. *Hill*, 50 *Ga.* 94; *Van Dyke* v. *Van Dyke*, 125 *Ga.* 491 (2) (54 S. E. 537); *Stokes* v. *Stokes*, 127 *Ga.* 160 (2) (56 S. E. 303); *Knox* v. *Knox*, 139 *Ga.* 480 (77 S. E. 628); *Walden* v. *Walden*, 171 *Ga.* 444 (2) (155 S. E. 919); *Sellers* v. *Sellers*, 175 *Ga.* 47 (3) (164 S. E. 769); *Thomas* v. *Smith*, 185 *Ga.* 243 (194 S. E. 502). Compare Yoder *v.* Yoder, 105 Wash. 491 (178 Pac. 474, 3 A. L. R. 1104, 1109, note). It necessarily follows that such cohabitation will annul the decree, not only as to the sum allowed in terms as alimony, but also as to the attorney's fees. In this respect there is no difference between permanent and temporary alimony and incidental allowance of attorney's fees. *Keefer* v. *Keefer*, 140 *Ga.* 18 (78 S. E. 462, 46 L. R. A. (N. S.) 527); *Overstreet* v. *Overstreet*, 144 *Ga.* 294 (87 S. E. 27); *Weeks* v. *Weeks*, 160 *Ga.* 369 (127 S. E. 772); *Bowden* v. *Bowden*, 180 *Ga.* 576 (179 S. E. 702); *Mosely* v. *Mosely*, 181 *Ga.* 543 (182 S. E. 849); *Thomas* v. *Smith*, 185 *Ga.* 243 (supra); *Williams* v. *Williams*, 188 *Ga.* 536 (4 S. E. 2d, 195). Compare Kiddle *v.* Kiddle, 90 Neb. 248 (133 N. W. 181, 36 L. R. A. (N. S.) 1001, note, Ann. Cas. 1913A, 796); Bell *v.* Bell, 214 Ala. 573 (108 So. 375, 45 A. L. R. 935, 941, note); Johnson *v.* Gerald, 216 Ala. 581 (113 So. 447, 59 A. L. R. 348, 355, note).

3. Cases in which the husband and the wife adjust their differences as to alimony, without resuming or intending to resume the marital relation, do not fall within the provisions of the Code, § 30-217, since they do not involve the same principle of public policy. *Weaver* v. *Weaver*, 33 *Ga.* 172; *Bennett* v. *Bennett*, 157 *Ga.* 848 (122 S. E. 616); *Little* v. *Little*, 180 *Ga.* 529 (179 S. E. 712); *Thomas* v. *Smith*, 185 *Ga.* 243 (4), 244 (194 S. E. 502). It has been held also that illicit relation between a former husband and wife after a divorce will not invalidate a decree for alimony. *Peebles* v. *Peebles*, 186 *Ga.* 222 (197 S. E. 783).

4. Under the rulings stated above, as applied to the instant case, in which a husband sued to set aside a decree for permanent alimony and attorney's fees, and to enjoin proceedings instituted by the attorney in the name of the wife for collection of such fees, on the alleged ground that the husband and wife had subsequently resumed cohabitation, the petition stated a cause of action, and the court erred in sustaining a general demurrer by the attorney, and in dismissing the action.

5. Whether the attorney could maintain a separate action for the value of his services is a question that is not involved in the instant case, and no ruling is made thereon. As to that question, see *Sprayberry* v. *Merck*, 30 *Ga.* 81 (76 Am. D. 637); *Glenn* v. *Hill*, 50 *Ga.* 94; *Roberts* v. *Roberts*, 115 *Ga.* 259, 264 (41 S. E. 616, 90 Am. St. R. 108); *Parks* v. *Parks*, 126 *Ga.* 437 (55 S. E. 176); *Keefer* v. *Keefer*, 140 *Ga.* 18, 24 (supra); Purser *v.* Baientolila, 152 La. 716 (94 So. 366, 25 A. L. R. 348); Grimstad *v.* Johnson, 61 Mont. 18 (201 Pac. 314, 25 A. L. R. 351, 354, note); Gosserand *v.* Monteleone, 159 La. 316 (105 So. 356, 42 A. L. R. 310, 315, note).

*Judgment reversed. All the Justices concur.*

No. 14364. January 14, 1943. Rehearing denied February 12, 1943.

*Blair & Carmichael, H. M. Walker, H. C. Schroeder,* and *George D. Anderson,* for plaintiff. *Durwood T. Pye,* for defendant.