GENEVIEVE McDERMOTT, PLAINTIFF, v.
WILLIAM McDERMOTT, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided—June 30, 1972.

*Mr. Salvatore Muscato,* attorney for plaintiff.

*Mr. Edmund J. Tucker,* attorney for defendant.

HARTMAN, J. C. C. (temporarily assigned). A motion to enforce litigant's rights—in substance, a motion for contempt—raises a question whether the award of alimony, in view of the conduct of the parties thereafter, still has continuing effect.

Plaintiff is the former wife of the defendant. She was granted an absolute divorce by judgment entered in this court July 25, 1969, which judgment included a provision for periodic alimony at $15 a week, payable through the probation office.

Defendant made his payments regularly until sometime in August 1971, when he and plaintiff resumed living together, albeit without benefit of clergy. Plaintiff notified the probation office of this fact, resulting in a deactivation of that department's further supervision of the payments. The parties remained living together for about five months, during which time defendant provided fully for their needs. On January 8, 1972 they separated. From then on he has paid her nothing.

Plaintiff's motion now seeks to hold him in contempt of the alimony provision. She asks no relief for the period of time they lived together, demanding only compliance with

the court order prospectively. What legal effect does her conduct have regarding her rights and the defendant's obligations under that order? Counsel provide no precedent nor has the court found any reported opinion in this State dealing with this situation.

Except as our present statute governing alimony permits alimony to a husband, the language of *N. J. S.* 2A:34–23 is substantially the same as its predecessor, *R. S.* 2:50–37. Alimony is discretionarily awarded to fit the circumstances of a case, and such orders "may be revised and altered by the court from time to time as circumstances may require." Thus, it is settled law in this State that Chancery has continuing jurisdiction as regards to alimony, that the husband's obligation is a continuing one, "not subject to the control of the parties"; its enforcement is committed to the sound discretion of the court, *Parmly v. Parmly,* 125 *N. J. Eq.* 545 (E. & A. 1939); and it is subject to continuing review, *Martindell v. Martindell,* 21 *N. J.* 341 (1956).

I think it is fair to rule that during the time parties live together following their divorce, the alimony order should be deemed as having been waived by the former wife. It was so held in *Frost v. Frost,* 180 *Misc.* 133, 71 *N. Y.* 2d 438 (Sup. Ct. 1947); and to the same effect, *Paille v. Paille,* 91 *N. H.* 249, 17 A. 2d 445 (Sup. Ct. 1941). Compare *Hamby v. Pye,* 195 *Ga.* 366, 24 *S. E.* 2d 201 (Sup. Ct. 1943), where a Georgia statute annuls and sets aside all provisions for permanent alimony where the parties subsequent to their divorce voluntarily cohabit.

The conduct of the parties clearly evinced an intention to treat the order as no longer in force. To the extent and for the period of time they were together the order, so far as the parties are concerned, will be treated as having spent itself. However, the continuing authority of Chancery to deal with that order may not be foreclosed by their actions. The continuing force of the order remains.

This determination warrants extending to both sides an opportunity to file and serve further motions as they are advised by counsel to bring to a head all matters that remain in controversy.